B. G. BLANCHARD et al., Appellants,

v.

FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH et al., Appellees.

No. 18056.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 25, 1979.

Rehearing Denied March 1, 1979.

Farrar & Claunch and Jim Claunch, Fort Worth, for appellants.

Arthur R. Peterson, City Atty., and Richard Henderson, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

At all times material B. G. Blanchard and R. C. Sutherland, appellants, were policemen of the Fort Worth, Texas, Police Department. An event occurred about 10:00 P.M. on May 14, 1977, when one Jerry Dean Cunniff was arrested following extended police pursuit of the pick-up truck driven by him. Thereafter, Cunniff filed complaint against these appellants (and other officers) charging, among other things, their use of unnecessary force in accomplishing his arrest.

Pursuant to prescribed practice an investigation was conducted by the Internal Affairs Division of the Police Department. The investigation file developed was delivered, with recommendations, to the Chief of Police. On November 9, 1977, by separate letters, each of the defendants were notified by the Chief of Police that they were suspended as members of the department; Blanchard for a period of ten calendar days,

and Sutherland for five calendar days, the periods of suspension to begin November 9, 1977. On the 9th of that month Sutherland gave notice of appeal; and on the 15th Blanchard gave his notice of appeal.

On December 8, 1977 the Firemen's and Policemen's Civil Service Commission of Fort Worth, Texas held a single joint hearing of the appeals. On December 9, 1977, by orders separately entered, the Commission ruled that the orders suspending appellants be sustained. Appellants severally appealed to the District Court of Tarrant County, Texas. The two cases were consolidated and tried together. On March 27, 1978 judgment was rendered by that court denying the appellants' separate requests for reinstatement as members of the police department during the periods ordered by the Chief of Police that they be suspended, with back pay for the periods of their suspensions. The judgment denied them the attorneys' fees for which they claimed entitlement by provisions of Tex.Rev.Civ.Stat. Ann. art. 1269m, "Firemen's and Policemen's Civil Service in cities over 10,000", § 18, "Appeal to district court", effective August 29, 1977. From this judgment appellants perfected joint appeal to this court.

Judgment reversed, with judgment rendered that both officers be reinstated as members of the police department during the periods of suspensions, but for no other relief.

■ At request of the appealing officers, the trial court filed findings of fact and conclusions of law. After these were filed there was no request that the court file any additional findings or conclusions. In the findings of the trial court there was nothing relative to the amount of reasonable attorneys' fees for representation of either appellant in the prosecution of their suit or their appeal, or indicating what attorneys' fees would have been granted appellants had the judgment decreed been one of reinstatement. None of appellants' points of error complained of the want of such finding by the trial court or because of failure by the trial court to award such attorneys' fees. This court has no authority to award

either appellant any attorney's fee, and there being no appropriate complaint by point of error, no predicate was laid for a remand to the trial court for a new trial of the issues on attorneys' fees in the event we should reverse the judgment of the trial court.

We consider the appeal apart from the matter of attorneys' fees.

■ Appellants complain they were denied due process in the conduct of the hearing on December 8, 1977 before the Firemen's and Policemen's Civil Service Commission, in that there was inadequate notice of the hearing. We note that by the rules and regulations represented by all the litigants on the appeal to have application, that the last day to begin the civil service hearing in order to prevent the questions to be decided thereat from becoming moot (in that if not heard—or begun to be heard— by that time the suspensions would have been automatically vacated with appellants entitled to their back pay during the periods of suspensions). (There is some similarity of this situation to the requirements in criminal cases that they be called to trial by a certain date in order to prevent automatic dismissals.) At the hearing before the commission there was no motion for continuance filed, nor any request for recess of the hearing immediately after trial was begun to enable appellants to prepare. We fail to understand where one to be tried by proceedings such as those of the appellants before the commission should receive benefits to be claimed by assertion of right to timely notice as a part of due process of law relative to the prosecutorial proceedings without willingness to have the preservation of the prosecuting parties' right to proceed at a later time. We overrule the appellants' contentions predicated upon want of due process at the hearing before the Firemen's and Policemen's Civil Service Commission.

■ Our reversal of the judgment of the court below (and it amounts also to a reversal of the judgment of the commission) is predicated upon a want of evidence of any

kind which connects either appellant with the use of unnecessary force in accomplishing the arrest of Jerry Dean Cunniff on May 14, 1977, or with any other of the charges brought against the officers because of anything done on that occasion.

The investigation record by the Internal Affairs Division of the Police Department was completely prepared at the time it was presented to the Chief of Police. That official acted solely thereupon in ordering the suspensions. The Chief testified before the commission that he did not personally know the appellants and that the suspension actions taken against them were based solely upon the investigation record. Whether or not it was proper to consider it (or, indeed any part of the record made at the hearing before the commission) in view of applicability or inapplicability of Tex.Rev.Civ.Stat. Ann. art. 6252–13a, "Administrative Procedure and Texas Register Act", effective August 29, 1977, (a matter we do not need to decide), the investigation record prepared by the Internal Affairs Division of the Police Department was admitted into evidence before the commission and considered as a proper part of its record for the limited purpose to show what it was upon which the Chief of Police relied to suspend the appellants from duty.

For any other purpose (either before the commission or, if at all, before the trial court) the contents of the investigation record constituted hearsay evidence merely, sufficing to prove nothing save that which was presented to the Chief of Police. It was in this aspect that the investigation record was received and made a part of the record by the commission; and, as a part of the record of the proceedings before the commission, received in evidence by the trial court. It could have proved before the trial court nothing other than what representations were made to the Chief of Police, and not the truth of any of the representations contained in the report.

Apart from what was contained in the investigation record there was no identification of either of the appellants as having been a person who was present to do any-thing on the night of May 14, 1977, at the scene where Jerry Dean Cunniff was arrested. Neither officer was present at the trial proceedings before the commission on December 8, 1977, and, therefore, they were not available to be identified in person by any witness who testified at the hearing on December 8, 1977. No witness identified them by name or description. Both officers were present and testified upon the trial in District Court; but at the court trial there was no witness who was present at the scene where Cunniff was arrested in May of 1977. There was no competent evidence proving identity of either officer as having been connected with any event which transpired on May 14, 1977, by examination of either the commission hearing record or in the record of the proceedings in the trial court. In the introduction of testimony in the trial court the events of May 14, 1977 were wholly ignored by every witness who testified. There the entire record made had relation solely to the matter of the notice of suspension given appellants, and about the want of notice in time to prepare for trial for the commission hearing on December 8, 1977. Plainly displayed, was that the appellants, and each of them, were suspended from duty, with loss of pay, but there was no competent evidence whatever to demonstrate any justification therefor.

Therefore, there was error in the trial court's judgment; its judgment should have been one which vacated the suspension and restored the officers as having been on duty during the period they were shown to have been suspended, with pay made to them in restitution to that withheld for the respective period of suspension, and for some attorneys fees.

We reverse the judgment rendered below, and, in its place and stead here render judgment to read, as follows: The orders of suspension dated November 9, 1977, made by A. J. Brown, Chief of Police, City of Fort Worth, Texas, made effective that date, and suspending through Monday, November 14, 1977 as applied to R. C. Sutherland, and suspending through Saturday, November 19, 1977 as applied to B. G. Blanchard, are

set aside and held for naught; and the City of Fort Worth is ordered and directed to pay that amount to R. C. Sutherland which would represent the monetary remuneration for his services as a police officer on active duty for the five day period in November of 1977 during which he was suspended, and is ordered and directed to pay that amount to B. G. Blanchard which would represent the monetary remuneration for his services as a police officer on active duty for the ten day period in November of 1977 during which he was suspended. Relief not specifically granted, as above stated, is denied, because no right thereto has been preserved.

All costs are adjudged against the City of Fort Worth, Texas, and against the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth, and A. J. Brown, Chief of Police of the City of Fort Worth, Texas.