DOMINIC J. CARILLI *v.* CITY OF HARTFORD

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 7—reargued November 7, 1963—
decided January 7, 1964

*Joseph J. Burns,* assistant corporation counsel, for the appellant (defendant).

*Elihu H. Berman,* for the appellee (plaintiff).

PER CURIAM. The charter of the city of Hartford was amended in 1957 to provide a special disability

---

[1] See *Cone* v. *Darrow,* 148 Conn. 109, 167 A.2d 852, regarding an attempted appeal from an interlocutory order in that case.

retirement allowance, payable from the municipal employees' retirement fund, for employees, other than teachers, who suffer a permanent disability in the course of their employment which does not prevent them from engaging in any gainful employment. Hartford Charter, c. 17, § 3 (f) (1961); 28 Spec. Laws 423. On February 1, 1960, the plaintiff, a member of the fire department, became so disabled. At the time, and thereafter, he had outside remunerative employment. He applied for a special disability retirement allowance. The city pension commission denied the application. The plaintiff appealed to the Court of Common Pleas, which sustained the appeal and remanded the case to the commission. The court, in effect, directed that the plaintiff's earnings from his outside gainful employment at the time of disability be included with his fire department salary in the computation of the amount of income which he was earning at the time he became disabled. The defendant has appealed from that judgment.

A revised charter for the city of Hartford was adopted in 1947. 25 Spec. Laws 36, No. 30. It created the municipal employees' retirement fund and a pension commission to administer it. 25 Spec. Laws 78, §§ 2, 3. Neither the 1947 act nor the 1957 amendment made provision for an appeal to the courts from the action of the commission. In the absence of such provision, the Court of Common Pleas was without jurisdiction to hear the case. *Bartlett* v. *Rockville,* 150 Conn. 428, 430, 190 A.2d 690, and cases cited. The appeal should have been dismissed.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal for want of jurisdiction.