TOWN OF WINDSOR v. WINDSOR POLICE DEPARTMENT EMPLOYEES ASSOCIATION, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 5—decided February 21, 1967

532

*Norman J. Bernstein,* with whom was *Warren P. Johnson,* for the appellant (plaintiff).

*Alphonse C. Jachimczyk,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant).

HOUSE, J. This is an appeal from a judgment of the Superior Court erasing from its docket for lack of jurisdiction an appeal by the town of Windsor from a decision of the Connecticut state labor relations board, hereinafter referred to as the board.

The Windsor Police Department Employees Association, Inc., hereinafter referred to as the association, in August, 1965, petitioned the board, pursuant to § 5 of the Municipal Employee Relations Act (Public Acts, Spec. Sess., Feb., 1965, No. 159 § 5 [General Statutes § 7-471]), to investigate an alleged controversy over representation of the employees of the Windsor police department and to certify the name of the representative designated or selected by the employees. The controversy centered on conflicting claims as to whether the deputy chief and the lieutenant in the police department should be included in the bargaining unit. After a hearing, the board (1) found that a controversy over representation did exist, (2) determined that a unit appropriate for collective bargaining purposes would include all uniformed and investigatory employees, excluding the chief and deputy chief, and (3) directed that to determine the exclu-

sive representative for collective bargaining a secret election should be conducted among the employees within that unit.

The town of Windsor filed a petition in the Superior Court, reciting the ruling of the board and claiming that it was aggrieved by the decision. By way of "relief in accordance with the applicable Connecticut General Statutes covering such Appeals," the town prayed "that the position of Lieutenant be excluded from the bargaining unit" and "that additional evidence be permitted on the question of the exclusion of the Lieutenant from the bargaining unit including evidence as to the desire of the present Lieutenant concerning this." The board, appearing specially, moved that the cause be erased for want of jurisdiction because the board's certification of the appropriate bargaining unit was not a final order from which an appeal may be taken. The motion was granted, judgment was rendered erasing the "action" from the docket, and the town of Windsor has appealed, assigning as error the granting of the motion to erase.

We find no error in the judgment as rendered.

The Connecticut Municipal Employee Relations Act (General Statutes §§ 7-467—7-477) provides in subdivisions (1), (2) and (3) of General Statutes § 7-471 the procedure and method by which the board is authorized to determine an appropriate bargaining unit and an exclusive bargaining representative of municipal employees. It was pursuant to this statutory authority that the board acted in the present case. In subdivision (1), the board is empowered "[i]f, after hearing, the board finds that there is a controversy concerning the representation of employees, . . . to determine whether and by which employee organization the employees

desire to be represented". "Employee" is defined in § 7-467 to mean "any employee of a municipal employer, . . . except . . . persons in such supervisory and other positions as may be excluded from coverage under sections 7-467 to 7-477, inclusive, in accordance with subdivision (2) of section 7-471." Subdivision (2) of § 7-471 delegates to the board "the power to determine whether a supervisory or other position is covered by . . . [this act] in the event of a dispute between the municipal employer and an employee organization" and then establishes certain criteria which "shall not necessarily apply to police and fire departments." Subdivision (3) of § 7-471 delegates to the board the power to "decide in each case . . . the unit appropriate for purposes of collective bargaining". Thus, where, as in this instance, a controversy over representation of municipal employees is properly before the board, it is authorized to determine what employees comprise an appropriate bargaining unit, and the choice of that unit's representative for the purposes of collective bargaining with the employer.

Even if we assume, without deciding, that (a), in including the police lieutenant in the bargaining unit, the board erred and included a supervisory position within a municipal employee bargaining unit, and (b) the municipal employer can be aggrieved by such a decision before there is any requirement that it bargain with the representative of such a unit, the question still remains whether the Superior Court had jurisdiction over a direct appeal from the board's decision to make such an inclusion. Unless an appeal from an administrative agency is authorized by statute, courts do not have jurisdiction to entertain such an appeal. *Carilli* v. *Hartford,* 151 Conn. 703, 704, 197 A.2d 68; *Beard*

*Sand & Gravel Co.* v. *Planning & Zoning Commission,* 151 Conn. 635, 636, 201 A.2d 464; *Bartlett* v. *Rockville,* 150 Conn. 428, 430, 190 A.2d 690.

The only provision for appeal contained in the Municipal Employee Relations Act is found in a subdivision of § 7-471 concerning prohibited labor practices. Subdivision (4) (D) of this section provides: "For the purposes of hearings and enforcement of orders under sections 7-467 to 7-477, inclusive, the board shall have the same power and authority as it has in sections 31-107, 31-108 and 31-109 [of the General Statutes], and the municipal employer and the employee organization shall have the right of appeal as provided therein." The three sections referred to are sections of the Labor Relations Act in chapter 561 of the General Statutes. Section 31-109 (d) is the only section referred to which deals with appeals. It provides: "Any person aggrieved by a final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the superior court for the county in which the unfair labor practice was alleged to have occurred". Accordingly, there is statutory provision for an appeal from an order of the board only when that order is a final order of the board and when an unfair labor practice is alleged to have occurred. Neither of these conditions precedent to an appeal exists in the present case, where the only action of the board has been to decide what constitutes an appropriate bargaining unit and to direct an election among the members of that unit. The board clearly has not yet had occasion to consider any practice prohibited to municipal employers and employee organizations under the provisions of § 7-470 of the General Statutes and "[t]he test of finality is whether the rights

of the parties are concluded so that further proceedings cannot affect them. *State* v. *Fahey,* 146 Conn. 55, 57, 147 A.2d 476; *Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 372, 84 A.2d 681; 30A Am. Jur., Judgments, § 121." *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375.

Our conclusion that the General Assembly neither intended to nor did provide for a direct appeal from a decision of the board determining an appropriate bargaining unit and directing an election within that unit is strengthened by an examination of the legislative history of the Municipal Employee Relations Act with reference to the history and interpretation of the National Labor Relations Act of 1935. 49 Stat. 449, as amended, 29 U.S.C. §§ 151–66 (1964). The Connecticut Municipal Employee Relations Act, like the Connecticut Labor Relations Act originally enacted in 1945, is closely patterned after the National Labor Relations Act, as amended, which a comparison of the two acts clearly demonstrates. "For this reason, the judicial interpretation frequently accorded the federal act is of great assistance and persuasive force in the interpretation of our own act. See *Arnold College* v. *Danaher,* 131 Conn. 503, 507, 41 A.2d 89." *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 460, 115 A.2d 439. The Connecticut act adopts, where feasible, the same provisions and procedures as the federal act and, in most instances, in precisely the same language. In particular, subdivisions (1), (2) and (3) of General Statutes § 7-471, which provide the procedure and method by which the board is authorized to determine the appropriate bargaining unit and the exclusive bar-

gaining representative in the event of a dispute, is in part a word-for-word adaptation of § 9 of the National Labor Relations Act, as amended. 49 Stat. 459 § 9, as amended, 29 U.S.C. § 159 (1964). Neither § 7-471 (1), (2) or (3) of the Connecticut act nor § 9 of the federal act makes express provision for judicial review. Section 8 of the federal act (29 U.S.C. § 158 [1964]) and § 7-470 of the Connecticut act define what practices are prohibited to employers and to employee organizations. Section 10 of the federal act (29 U.S.C. § 160 [1964]) and subdivision (4) of General Statutes § 7-471 specify what orders the federal board and the state board, respectively, may issue to remedy a prohibited labor practice committed by either an employer or an employee organization. Subdivision (4) (D) of General Statutes § 7-471 and § 10 (f) of the National Labor Relations Act, as amended (29 U.S.C. § 160 [f] [1964]), both provide for an appeal from a final order of the respective labor relations boards.

The federal act has been interpreted as not according either an immediate direct appeal from, or any other method of immediate judicial review of, a certification decision by the national labor relations board. *Boire* v. *Greyhound Corporation,* 376 U.S. 473, 84 S. Ct. 894, 11 L. Ed. 2d 849; *Pittsburgh Plate Glass Co.* v. *National Labor Relations Board,* 313 U.S. 146, 61 S. Ct. 908, 85 L. Ed. 1251; *National Labor Relations Board* v. *Falk Corporation,* 308 U.S. 453, 60 S. Ct. 307, 84 L. Ed. 396; *National Labor Relations Board* v. *International Brotherhood of Electrical Workers,* 308 U.S. 413, 60 S. Ct. 306, 84 L. Ed. 354; *American Federation of Labor* v. *National Labor Relations Board,* 308 U.S. 401, 60 S. Ct. 300, 84 L. Ed. 347. Under extraordinary circumstances, methods of immediate judicial

review, other than by way of direct appeal, have been recognized. The extraordinary circumstances so far recognized as sufficient for immediate judicial review have been instances where the national labor relations board has acted in excess of its delegated powers, contrary to a specific statutory prohibition and where there have been public questions of international complexion. *McCulloch* v. *Socieded Nacional de Marineros de Honduras,* 372 U.S. 10, 83 S. Ct. 671, 9 L. Ed. 2d 547; *Leedom* v. *Kyne,* 358 U.S. 184, 79 S. Ct. 180, 3 L. Ed. 2d 210. "The *Kyne* exception is a narrow one, not to be extended to permit plenary district court review of Board orders in certification proceedings whenever it can be said that an erroneous assessment of the particular facts before the Board has led it to a conclusion which does not comport with the law." *Boire* v. *Greyhound Corporation,* supra, 481.

The omission in the federal act of a provision for direct appeal from certification proceedings has been held to be an intentional effort by Congress to postpone the delay necessary to judicial intervention in the administrative process until a representation election has been held and the employer has been required to do something predicated on the results of the election. *Boire* v. *Greyhound Corporation,* supra.

Since it was well established by the time the *Boire* case was decided in 1964 that the federal act precluded not only direct appeals but all immediate judicial review of certification proceedings, the General Assembly in 1965 could hardly have omitted provision for direct appeal from such proceedings and at the same time have intended to grant such a right in an act which it so closely structured and worded after the federal act.

We find no merit in the plaintiff's claim that in the absence of a provision for appeal from the board's decision as to the composition of an appropriate bargaining unit and a direction for an election of a bargaining representative by that unit, the act is *"unconstitutional* in that it deprives a municipality of *due process* of law." "Towns . . . are creatures of the state, and though they may question the interpretation, they cannot challenge the legality, of legislation enacted by their creator. *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 513, 45 A.2d 831; *Sanger* v. *Bridgeport,* 124 Conn. 183, 188, 198 A. 746." *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 245, 169 A.2d 891. This disability aside, the claim is tantamount to arguing that the General Assembly "has infringed due process by withholding from . . . courts a jurisdiction which they never possessed" and is without force. *American Federation of Labor* v. *National Labor Relations Board,* 308 U.S. 401, 412, 60 S. Ct. 300, 84 L. Ed. 347.

Our conclusion does not indicate that the act fails to provide adequate safeguards against any illegal or arbitrary action by the board. When the board has issued a final order against a municipality predicated on a prior determination of an appropriate bargaining unit and an unfair labor practice, the Superior Court has clear jurisdiction to review the board's decision if the municipality is aggrieved and then appeals or if the board petitions for enforcement of its order. See *Connecticut State Board of Labor Relations* v. *Greenwich Taxi Co.,* 151 Conn. 573, 200 A.2d 712.

There is no error.

In this opinion the other judges concurred.