(No. 43706.-

QUEEN ESTHER WILKINS, Appellant, v. STATE OF ILLINOIS DEPARTMENT OF PUBLIC AID *et al.,* Appellees.

*Opinion filed March 21, 1972.*

MARK B. EPSTEIN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (FRANCIS T. CROWE, A. ZOLA GROVES and SAMUEL E. HIRSCH, Assistant Attorneys General, of counsel), for appellees.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Queen Esther Wilkins, seeks review of a

judgment of the circuit court of Cook County affirming an administrative decision of the Illinois Department of Public Aid which denied her application for retroactive benefits under the Federal Food Stamp Act of 1964 (7 U.S.C. secs. 2011-2025.)

The broad purpose of the food stamp program established by the Federal Food Stamp Act of 1964 is to raise levels of nutrition among low-income households by increasing their food purchasing power. The program is funded by the Federal government although portions of the costs of administration are borne by the States which administer the program at the local level. In Cook County, where plaintiff resides, the program is administered by the Cook County Department of Public Aid under the supervision and direction of the Illinois Department of Public Aid. Rules and regulations of the United States Department of Agriculture govern all phases of administration of the program, including standards for determining eligibility for participation. Before a household may be issued food stamps, it must first be "certified" as eligible by the. State agency administering the program. After certification, the household receives periodic allotments authorizing the purchase of food stamps of a certain value at a reduced cost. For example, an eligible household may receive authorization to purchase for $100 food stamps having a face value of $150. Approved retail stores accept the stamps at face value in payment for groceries.

Plaintiff filed a notice of appeal for an administrative hearing before the Illinois Department of Public Aid, complaining, among other things, of the failure of the Cook County Department of Public Aid to certify her household as eligible for participation in the Federal food stamp program despite her requests for such certification. At the hearing the plaintiff asked not only that her household be certified for food stamps but also that she be awarded the bonus value of the food stamps to which she would have been entitled had her request for food stamp

certification been properly processed in the first instance. In its decision, the Illinois Department of Public Aid held that plaintiff had established that her household was eligible for food stamps, and the Cook County Department of Public Aid was directed to so certify her family. However, her prayer for retroactive benefits was denied on the ground that "there is no provision in the Rules and Regulations of the United States Department of Agriculture governing the Food Stamp Program which would permit the issuance of the food stamp bonus on a retroactive basis." On appeal under the Administrative Review Act (Ill.Rev.Stat. 1969, ch. 110, par. 264 *et seq.*), this determination was affirmed by the circuit court of Cook County, and it is from this judgment that plaintiff now asks further review in this court.

The defendants, State of Illinois Department of Public Aid and Harold O. Swank, Director, have moved for dismissal of this appeal on the ground that the circuit court of Cook County lacked jurisdiction to review the administrative decision in question. For the reasons hereafter stated, we concur.

It is well settled that the Administrative Review Act is applicable only in those instances where it has been adopted by express reference by the act creating or conferring jurisdiction upon the administrative agency involved. *(People ex rel. Hillison v. Chicago, Burlington and Quincy R.R. Co. (1961), 22 Ill.2d 88.)* If the legislature, by express provision, has not made the Administrative Review Act applicable to actions of a certain administrative agency, judicial review of a decision of that agency is not available under that act. *(White v. Board of Appeals of Cook County (1970), 45 Ill.2d 378.)* In the case now before us, we do not find any provision in the Public Aid Code which would make the Administrative Review Act applicable to an administrative decision of the Illinois Department of Public Aid concerning questions of entitlement to benefits under the Federal food stamp

program. The Public Aid Code provides that the Administrative Review Act shall apply to and govern all proceedings for judicial review of final administrative decisions of the Department of Public Aid on appeals by applicants or recipients under Article III (Aid to the Aged, Blind or Disabled), Article IV (Aid to Families with Dependent Children), and Article V (Medical Assistance) of that act. (Ill.Rev.Stat. 1969, ch. 23, par. 11—8.7.) We think it is clear that the Federal food stamp program does not fall within the purview of any of these three articles of the Public Aid Code. Since the Administrative Review Act has not been adopted with respect to administrative decisions of the Illinois Department of Public Aid concerning benefits under the Federal food stamp program, judicial review under that act in the circuit court of Cook County was not available to plaintiff under the facts in this case.

Accordingly, the judgment of the circuit court of Cook County is vacated, and the cause is remanded with directions to dismiss the appeal from the decision of the Illinois Department of Public Aid.

*Vacated and remanded, with directions.*