ROBERT A. McAULIFFE *v.* ADOLF G. CARLSON, COMMISSIONER OF FINANCE AND CONTROL

COURT OF COMMON PLEAS    HARTFORD COUNTY    FILE NO. 107736

---

Memorandum filed January 8, 1973

*Stephen Wizner,* of New Haven, for the plaintiff.

*Robert K. Killian,* attorney general, and *Edward F. Pasiecznik,* assistant attorney general, for the defendant.

LEVINE, J. The plaintiff was originally confined at the community correctional center in Hartford, where he had been sentenced by the Circuit Court in the fifteenth circuit for 360 days, for the crime of breaking and entering. On September 21, 1971, he was transferred to the security treatment center in Middletown, and remained there under treatment for 218 days. Thereafter, he was billed by the defendant for the total sum of $1098.07, covering the care furnished him, pursuant to §§ 17-294, 17-295 and 17-318 of the General Statutes.

In a letter dated September 13, 1972, the plaintiff sought a refund from the defendant, under the authority of § 17-301 of the General Statutes. His basic claim was that § 17-318, pursuant to which collection had been made, was unconstitutional. The defendant denied the request for a refund in a letter dated September 28, 1972. The plaintiff thereupon prosecuted this appeal, based on the Uniform Administrative Procedure Act, hereinafter referred to as UAPA. General Statutes, c. 54.

The defendant has filed the instant motion to erase, alleging that the plaintiff is not entitled to judicial review of the defendant's action, under the UAPA; and next, that the plaintiff has failed to establish his standing to sue the state of Connecticut.

The defendant's initial argument has merit, and is dispositive of the motion to erase.

## I

Under the UAPA, the plaintiff is entitled to appeal to this court only after he has received a final decision in a "contested case." General Statutes § 4-183 (a). A "contested case" is a proceeding where the privileges of a party are required by law to be determined by an agency, "after an opportunity for hearing." § 4-166 (2).

Nothing in the statutes above cited, or in the authorities submitted by counsel, reflects that the defendant was obligated to afford the plaintiff a hearing on his refund claim, or the opportunity for a hearing. The defendant's ruling, for all that appears in this record, was made by correspondence, and without a formal hearing, but otherwise in accordance with the specific statutory responsibility vested in him.

The defendant's determination obviously involved an administrative adjudication that there was no liability for a refund. Nevertheless, it was not a "contested case," permitting judicial review thereof, under the UAPA, since no hearing was required, or held. General Statutes § 4-177; see *New York Life Ins. Co.* v. *Rigas,* 117 Conn. 437, 444; *Griffin* v. *Sturges,* 131 Conn. 471, 476; *Milwaukee* v. *Public Service Commission,* 11 Wis. 2d 111, 116; 1 Cooper, State Administrative Law, p. 125.

The UAPA was enacted in 1971 and became effective January 1, 1972. The General Assembly did not

desire to make the UAPA a vehicle for appeal of any and all administrative orders or decisions made by a state agency or official.

The act was clearly designed to permit appeals only upon compliance with the statutory conditions set forth therein, including specific provisions for the conduct of a hearing, or the opportunity for a hearing.

Any contrary ruling would inundate the courts with innumerable appeals, initiated without statutory foundation, and frequently of a petty or unmeritorious character.

They would be prosecuted by a host of disappointed petitioners from the multitude of decisions and orders made daily by various state agencies and officials. As a practical matter, many such decisions are informal, and relatively minor in nature. Because of these factors, the General Assembly logically concluded that no hearing was necessary, as a condition of their validity.

Moreover, neither the legislative history nor the express provisions of the UAPA compel a conclusion that the UAPA was designed to open the floodgates, so as to permit judicial review thereunder of a great mass of these informal (i.e. nonhearing) administrative rulings.

There is no constitutional right to judicial review of administrative action. *Frederick* v. *Schwartz,* 296 F. Sup. 1321, 1322 (D. Conn.), remanded, 402 U.S. 937. Appeals to the courts from administrative officers or boards exist only under statutory authority. *Young* v. *Tynan,* 148 Conn. 456, 457; *Windsor* v. *Windsor Police Dept. Employees Assn., Inc.,* 154 Conn. 530, 534. Unless the statute clearly permits such appeals, the courts are without jurisdiction to entertain them. *East Side Civic Assn.* v.

*Planning & Zoning Commission,* 161 Conn. 558, 560.
If a statute authorizes an administrative officer to
make an order or decision, it is not unconstitutional,
merely because it contains no express provision, in
the technical sense, for an appeal from his ruling.
*State* v. *Vachon,* 140 Conn. 478, 485-86.

## II

As stated previously, the plaintiff's appeal alleges
that § 17-318 of the General Statutes was uncon-
stitutional, in that it violated article first, § 20, of the
Connecticut constitution, and further denied him
the equal protection of the laws, under the four-
teenth amendment to the United States constitution.
He alleges, inter alia, that § 17-318 makes an in-
vidious, irrational and illegal discrimination be-
tween certain classes of prisoners, in that certain
prisoners serving their sentences in community cor-
rectional centers are not billed during their period of
confinement. On the other hand, the plaintiff asserts
that those prisoners serving a part of their sen-
tences in facilities such as the security treatment
center in Middletown are obligated to pay certain
sums for the period of their incarceration therein.

Even if we assume, without deciding, that the
plaintiff might have a valid cause of action for
relief, based on constitutional grounds, or other
theories, it cannot be prosecuted under the UAPA,
for the reasons stated hereinabove.

It should be noted that the UAPA was not in-
tended to serve as the sole and exclusive remedy of
a person aggrieved by a decision of a state ad-
ministrative agency or official. As General Statutes
§ 4-183 (a) clearly states, "[t]his section does not
limit utilization of or the scope of judicial review
available under other means of review, redress,
relief or trial de novo provided by law."

### III

The defendant's motion was proper, in the instant case. Practice Book § 94. This court has no jurisdiction to entertain the present appeal, under the UAPA. The motion to erase is therefore granted.