Matthew KESLAR, Appellant
(Petitioner),

v.

POLICE CIVIL SERVICE COMMISSION, CITY OF ROCK SPRINGS, Wyoming; Thomas L. Tufford and Lawrence Levitt, individually and as officers of the Rock Springs Police Department, Appellees (Respondents).

No. 5846.

Supreme Court of Wyoming.

June 29, 1983.

Robert H. Johnson of Johnson & Werner, Rock Springs, for appellant.

Jeffrey A. Schalow, City Atty., Rock Springs, for appellees.

Before ROONEY, C.J., and RAPER,* THOMAS, ROSE and BROWN, JJ.

THOMAS, Justice.

The only question in this appeal is whether the district court has jurisdiction to review the disciplinary suspension of a police officer of the City of Rock Springs. The officer was suspended for a period of four days without pay, and after a hearing which was granted by the Rock Springs Police Civil Service Commission the suspension was reduced from four days to two days. The police officer then sought to appeal the action of the Commission to the district court. The Rock Springs Police Civil Service Commission filed a motion to dismiss the appeal. The district court held that it did not have jurisdiction to review the action of the Commission, and the appeal to the district court was dismissed. We disagree with the conclusion of the district court, and we shall reverse, holding that in this instance the district court did have jurisdiction to review the action of the Rock Springs Police Civil Service Commission.

In this case the parties could not agree upon an articulation of the issues. Appellant, Matthew Keslar, the disciplined police officer, states the issues in his brief in this way:

"I. In cases in which the City's personnel rules provide a right of appeal to the Civil Service Commission, is the action of the Commission reviewable by the Courts?

"II. Does Section 15–5–113, W.S.1977, deprive the Court of jurisdiction over disciplinary action involving police officers in the following cases:

"(a) In cases in which constitutional issues of due process of law and violation of civil rights are alleged and shown?

"(b) In cases in which arbitrary actions and findings by the Civil Service Commission unsupported by substantial evidence, are alleged and shown?

"(c) In cases in which it is alleged and the evidence shows the City's own personnel rules were not followed in imposition of discipline?"

Appellee, the Rock Springs Police Civil Service Commission, in making its statement of the issues involved in this appeal, sets them forth as follows:

"*First Issue.* Does there exist in Wyoming any specific statutory basis upon which appellant may seek judicial review of this matter or are there statutory and

---

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

common law provisions that preclude judicial review of a matter involving a two-day disciplinary suspension without pay of a police officer?

"*Second Issue.* Has there been in this matter an impairment of or constitutionally impermissable [sic] interference with any of appellant's rights or even a showing by appellant of a failure to comply with basic constitutional guarantees which would allow him to seek judicial review of his two-day disciplinary suspensions?"

The essence of the dispute is the statutory justification for review of administrative proceedings in Wyoming.

For purposes of this appeal the operative facts are not complicated. On the night of July 10, 1982, the appellant was driving a police vehicle, owned by the City of Rock Springs, Wyoming, on patrol. While conducting a routine spotlight check of a warehouse in Rock Springs he ran into one of four fixed posts which were implanted to protect a fire hydrant in the vicinity of the warehouse. Considerable damage resulted to the vehicle. An investigation was conducted, and appellant's immediate supervisor, Lieutenant Tufford, with the approval of the ranking officer in the Rock Springs Police Department, Commander Levitt,[1] issued a letter reprimanding the appellant and ordering him to be suspended for four ten-hour work days. This letter was issued on July 14, 1982, and it stated that "The conclusion of the investigation showed me that you were negligent in this situation, and the situation should never have happened." Appellant appealed the four-day suspension to the Rock Springs Police Department Civil Service Commission on July 26, 1982, and he requested a hearing on the matter.

Commander Levitt was informed that the appellant intended to appeal his suspension, and on July 29, 1982, he wrote a letter to the appellant which stated that he had delegated the authority to administer discipli-

nary corrections to his subordinate officers. Commander Levitt further stated that he had discussed the matter with Lieutenant Tufford and he had concurred with the lieutenant's findings and his planned disciplinary action. Commander Levitt concluded in his letter that, after reviewing the data gathered during the investigation a second time, he remained in concurrence with the action taken, and he stated that he did "therefore, ratify and confirm the action taken by Lieutenant Tufford in this matter."

On July 30, 1982, the Rock Springs Police Department Civil Service Commission granted the appellant's request for an appeal, and the matter was set for hearing on August 10, 1982. In Chapter IV, Section 4, of the Rules and Regulations of Rock Springs Police Department Civil Service Commission, it is provided that hearing procedures shall abide by the Administrative Procedure Act with specific reference to §§ 9–4–101 to 9–4–115, W.S.1977 (Cum. Supp.1982), and specifically § 9–4–107. These provisions have now been readopted and renumbered as §§ 16–3–101 through 16–3–115, W.S.1977 (Oct. 1982 Rev.), and § 16–3–107 now contains the procedures for the contested cases alluded to in the Rules and Regulations of the Rock Springs Police Department Civil Service Commission. The effect of these rules and regulations was that the hearing expressly was required to be conducted under the contested-case procedures provided in the Wyoming Administrative Procedure Act, and the hearing, when held, was so conducted. Upon the motion of the appellant, a continuance was granted, and the hearing rescheduled for August 16, 1982.

The hearing was lengthy, and the evidence presented was free ranging. It was largely concerned with the contentions of the appellant that there existed a disparity in disciplinary actions taken against other police officers involved in traffic accidents,

1. On the date in question there was a vacancy in the office of the police chief in the City of Rock Springs. Commander Levitt, as Senior Commander, was charged with the performance of the duties of the Chief in his absence. Rules and Regulations of the Rock Springs Police Department Civil Service Commission, Chapter I, Section 1(a).

and that which was imposed upon him. There was other testimony concerning the facts and circumstances surrounding the specific incident in which the appellant was involved, the results of the investigation of the accident which was conducted by the department, the procedure which ultimately led to appellant's suspension, and past accidents in which the appellant was involved. It appears from the record that the Rock Springs Police Civil Service Commission even examined the scene of the accident themselves at the request of the attorney for the City of Rock Springs.

After the hearing a final order affirming the suspension of the appellant, but modifying the suspension in part, was entered by the Commission on August 18, 1982. In that order the Commission concluded that:

"Officer Keslar negligently operated his assigned Police Unit # 27 on July 10, 1982 in violation of or contrary to promoting the efficiency and service of the police department of the City of Rock Springs."

It is significant that this conclusion paraphrased the language in Chapter III, Section 1, of the Rules and Regulations of the Rock Springs Police Department Civil Service Commission which set forth the grounds for discharge from the department or a reduction in rank or compensation. The order of the Commission did reduce the period for which appellant was to be suspended from four ten-hour work days to two such days. The Commission also found that appellant was suspended by Commander Levitt, who was acting head of the department.

Because the district court concluded it had no jurisdiction to review, the merits of this proceeding are not before the court. We simply note in passing that the finding that appellant was suspended by Commander Levitt is not supported by substantial evidence, and in fact is contrary to the testimony of both Commander Levitt and Lieutenant Tufford. Instead the evidence and testimony introduced during the hearing consistently lead to the conclusion that appellant was suspended by Lieutenant Tufford. Lieutenant Tufford clearly was not a department head. Commander Levitt testified that he was not the department head either. Yet the Personnel Policies and Procedures, City of Rock Springs, provide for suspension only by a department head. Article IX, Section 9–5, Personnel Policies and Procedures, City of Rock Springs, May 1980.

On September 15, 1982, the appellant filed a Petition for Review of the order of the Rock Springs Police Department Civil Service Commission in the district court in accordance with Rule 12.03, W.R.A.P. On October 8, 1982, a Motion to Dismiss Petition for Review for Lack of Jurisdiction was presented on behalf of the Commission. After briefs had been submitted on that issue by the parties, the district court entered its order dismissing the Petition for Review on November 15, 1980. That order provided in pertinent part as follows:

"THE COURT HEREBY FINDS that the Petitioner, Matthew Keslar, petitioned the Court for review of a 'Final Order on Appeal Hearing on Suspension' made and entered on August 18, 1982, by the Police Civil Service Commission of the City of Rock Springs Police Department. He sought review by the Court of that order which upheld his suspension from duty without pay because of alleged negligence in driving a police car while on duty on July 10, 1982; but, which reduced the suspension from four 10 hour days to two 10 hour days; and

"THE COURT FURTHER FINDS that there was no discharge from service nor reduction in rank or pay of the Petitioner;

"THE COURT FURTHER FINDS that by virtue of Sections 9–4–114(a) and 15–5–113, as amended of the Wyoming Statutes (1977 Republished Edition), the District Courts are limited in their review of adminstrative [sic] proceedings before the respective Civil Service Commissions to those matters involving discharge or reduction in rank or pay; and

"THE COURT FURTHER FINDS that this Court is without subject matter juris-

diction to hear the within matter for the reason that there exists a statute limiting review of actions taken by the Civil Service Commission to cases involving a discharge or a reduction in rank or pay; and, that this case, not involving a discharge or reduction in rank or pay, is not reviewable by this Court.

"IT IS THEREFORE ORDERED that the Petition for Review filed herein be, and it is hereby dismissed."

By their arguments in this appeal the parties present a dichotomy of views as to the appropriate policy in this jurisdiction with respect to the availability of judicial review of administrative decisions. The Rock Springs Police Department Civil Service Commission relies upon the case of *Bowen v. City of Sheridan,* Wyo., 459 P.2d 204 (1969). It also relies upon § 15–5–113, W.S.1977, which provides:

"The decision of the commission discharging or reducing any person in rank or pay may be reviewed by the district court pursuant to Rule 12 of the Wyoming Rules of Appellate Procedure."

The Commission's argument is that the thrust of *Bowen v. City of Sheridan,* supra, in the light of § 15–5–113, W.S.1977, is that there is a circumscription of the right to judicial review which limits that right to decisions of police civil service commissions which discharge a person or reduce him in rank or pay. The Commission argues that this court previously has determined that the right to judicial review of administrative decisions is entirely statutory. *Walker v. Board of County Commissioners, Albany County,* Wyo., 644 P.2d 772 (1982); *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978). In the absence of a statute specifically authorizing review of disciplinary suspensions, the Commission argues that we can discern the intention of the legislature to limit the right of judicial review of its decisions exclusively to orders discharging or reducing police officers in rank or pay.

Keslar, however, also draws comfort from *United States Steel Corporation v. Wyoming Environmental Quality Council,* supra. He points to the following language quoted by this court from *Klein v. Fair Employment Practices Commission,* 31 Ill.App.3d 473, 334 N.E.2d 370, 374 (1975), as follows:

" 'Each statute must be carefully examined to discover the legislature's intent to restrict judicial review of administrative action. (*Heikkila v. Barber* (1953), 345 U.S. 229, 73 S.Ct. 603, 97 L.Ed. 972.) While it is often said that barring constitutional impediments the legislature can preclude judicial review (See *Mount St. Mary's Hosp. v. Catherwood* (1970), 26 N.Y.2d 493, 511, 518–519, 311 N.Y.S.2d 863, 260 N.E.2d 508 (Fuld, C.J., Concurring)), such intent must be made specifically manifest, and persuasive reason must exist to believe such was the legislative purpose. (*Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681.) Only upon a showing of clear and convincing evidence of contrary legislative intent should the courts restrict access to judicial review. *Rusk v. Cort* (1962), 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809.' " *United States Steel Corporation v. Wyoming Environmental Quality Council,* supra, at 750.

Keslar urges that by virtue of the provisions of § 16–3–114(a), W.S.1977, a right of judicial review of administrative action is provided in Wyoming. Section 16–3–114(a), W.S.1977, provides as follows:

"Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, *any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review* in the district court for the county in which the administrative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party ag-

grieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court." (Emphasis added.)

Keslar then urges the proposition in this case that the action of the Rock Springs Police Civil Service Commission has been made reviewable by statute, and restrictions on the right of review are strictly construed.

So far as policy considerations are concerned, it is our view that the interests of the State of Wyoming are best served by a policy which leads to reviewability in most instances. In *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 831, 25 L.Ed.2d 184 (1970), the Supreme Court of the United States quoted the following language from a House Report on the Federal Administrative Procedure Act:

" * * * To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold review."

Then in *Barlow v. Collins,* 397 U.S. 159, 90 S.Ct. 832, 837–838, 25 L.Ed.2d 192 (1970), the Supreme Court of the United States expounded on this concept in this language:

" * * * As we said in *Data Processing Service,* preclusion of judicial review of administrative action adjudicating private rights is not lightly to be inferred. [Citations.] Indeed, judicial review of such administrative action is the rule, and nonreviewability an exception which must be demonstrated. * * * "

In *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), the Supreme Court of the United States was confronted with argument that parallels the argument here. The Court concluded that in accordance with its prior holdings "the

Administrative Procedure Act's 'generous review provisions' must be given a 'hospitable' interpretation." The Court then held at 87 S.Ct. 1511–1512:

" * * * 'The mere fact that some acts are made reviewable should not suffice to support an implication of exclusion as to others. The right to review is too important to be excluded on such slender and indeterminate evidence of legislative intent.' Jaffe, supra [Judicial Control of Administrative Action 336–359 (1965) ], at 357."

This view is consistent with the language that was adopted by this court in *United States Steel Corporation v. Wyoming Environmental Quality Council,* supra. The conclusion to be drawn that the language of § 15–5–113, W.S.1977, specifically making some acts reviewable, does not exclude review of other acts might well dispose of the question of jurisdiction to review in this case. We do not find in the language from *Bowen v. City of Sheridan,* supra, which actually dealt with an issue arising under § 15–5–112(b), W.S.1977, an articulation of a specific intent on the part of the legislature to preclude judicial review of instances involving a lesser sanction than discharge or reduction of any person in rank or pay.

There is more to this particular case, however. *Bowen v. City of Sheridan,* supra, can be said to support the proposition that the appellant was not entitled to a review of his suspension by the Rock Springs Police Department Civil Service Commission because of the provisions in § 15–5–112(b), W.S.1977. *Bowen v. City of Sheridan,* supra, held that a two-day disciplinary suspension of a police officer was not a discharge or reduction in pay within the meaning and intent of that statute. *Bowen v. City of Sheridan,* supra, however, did not involve an issue as to whether any action by a commission in affirming the disciplinary suspension of a police officer would be subject to judicial review.

It seems to us that the position of the appellant is analogous to that of the petitioner in *Vitarelli v. Seaton,* 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Vitarel-

li was dismissed from a position that he held as an employee of the Department of the Interior of the United States of America. The Supreme Court of the United States noted there that Vitarelli could have been summarily discharged without any reason being given, but it held that he initially was informed that his discharge was for national security reasons, and the Secretary of the Interior then was obligated to comply with procedural standards which had been formulated by Executive Order for such discharges. The Court there said:

" * * * Having chosen to proceed against petitioner on security grounds, the Secretary here, as in *Service* [*v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957)], was bound by the regulations which he himself had promulgated for dealing with such cases, even though without such regulations he could have discharged petitioner summarily." *Vitarelli v. Seaton,* supra, 79 S.Ct. at 973.

In this case we must consider the Rules and Regulations of the Rock Springs Police Department Civil Service Commission and the Personnel Policies and Procedures of the City of Rock Springs in making a determination as to the appellant's right of review by the Commission. See *Board of County Commissioners of Teton County v. Teton County Youth Services, Inc.,* Wyo., 652 P.2d 400 (1982). In Article IX, Section 9–5, Personnel Policies and Procedures, City of Rock Springs, provision is made for department heads to suspend city employees for up to ten calendar days as discipline for cause upon notice. It then is provided in Section 9–8 that city employees have the right to appeal disciplinary actions to the appropriate hearing body. While employees of the police and the fire departments specifically are excluded from Article X, Personnel Policies and Procedures, City of Rock Springs, relating to employee grievances and appeals, Chapter 3 of the Rock Springs Police Department Civil Service Commission Rules and Regulations relates to discharge, reduction in classification or compensation of police officers. In Section 2 of Chapter 3 provision is made for a police officer to petition the Civil Service Commission for a hearing in accordance with law upon discharge, or reduction of classification or compensation. The appellant did that, and the hearing was granted. At that juncture, as distinguished from *Bowen v. City of Sheridan,* supra, it became the law of this case that the four-day disciplinary suspension in effect was a reduction in compensation. We can reach no other conclusion than that the Rock Springs Police Department Civil Service Commission agreed. In Chapter 4, Section 4, the contested-case proceedings of the Wyoming Administrative Procedure Act then are invoked by specific statutory reference. Those proceedings were followed in this case.

All this leads to an ineluctable conclusion that a statutory right of review was available to Keslar in this case. The Rock Springs Police Department Civil Service Commission, in the exercise of its discretion, had adopted the procedure provided in the Wyoming Administrative Procedure Act. *First National Bank of Thermopolis v. Bonham,* Wyo., 559 P.2d 42, 48 (1977). Having made the choice to afford the appellant an administrative right of review, the Commission also agreed to extend to the appellant the full panoply of protection provided in the Wyoming Administrative Procedure Act, including the right to judicial review. See *Diefenderfer v. Budd,* Wyo., 563 P.2d 1355 (1977); *Johnson v. Schrader,* Wyo., 502 P.2d 371 (1972), reh. denied 507 P.2d 814 (1973).

The foregoing makes inapposite the Commission's contention that review should be denied because there is a strong common-law posture barring judicial review of police disciplinary suspensions. The Commission relies principally upon cases from Texas which it asserts hold there is no right of appeal from a temporary disciplinary suspension. *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Blanchard,* Tex., 582 S.W.2d 778 (1979);

*Fox v. Carr,* Tex.Civ.App., 552 S.W.2d 885 (1977); and *City of Wichita Falls v. Harris,* Tex.Civ.App., 532 S.W.2d 653 (1975). We again note that these cases might have more significance had the Rock Springs Police Department Civil Service Commission not itself reviewed the appellant's suspension. As we read those cases, however, we conclude that their holdings evolve from a dissimilar treatment given indefinite suspensions and disciplinary suspensions by the Texas legislature, and that they are not particularly helpful with respect to the statutory posture of this case.

We similarly find distinguishable *Vetterli v. Civil Service Commission of Salt Lake City,* 106 Utah 83, 145 P.2d 792 (1944); *Miller v. City of Tulsa,* Okl., 353 P.2d 705 (1960); and *Nason v. New Hampshire Personnel Commission,* 117 N.H. 140, 370 A.2d 634 (1977). The thrust of those cases would be of significance had the Rock Springs Police Department Civil Service Commission denied review of the appellant's suspension under § 15–5–112(b), W.S.1977. As we noted previously, that did not happen. We also note that even given the holding in *Nason v. New Hampshire Personnel Commission,* supra, that a suspended officer did not have a property interest in continued employment without suspension which would give him a right under the Due Process Clause of the United States Constitution to a pre-suspension hearing, the court did review his claim of improper commission action. In *Yantsin v. City of Aberdeen,* 54 Wash.2d 787, 345 P.2d 178 (1959), the Supreme Court of Washington held that a police official has no property interest in public employment which is subject to protection by the Due Process Clause provisions of the state and federal constitutions. The court there said, at 345 P.2d 180:

" * * * Notice and hearing are not prerequisites to a suspension unless required by the applicable ordinance or statute. * * *"

We augment that proposition by noting that in this case notice and hearing are not prerequisites to a suspension except for the fact that notice and hearing both were required by the rules and regulations as they were applied by the Rock Springs Police Department Civil Service Commission.

We hold, then, in summary that the Rock Springs Police Department Civil Service Commission granted a hearing to the appellant as though he had been reduced in compensation. This suffices to distinguish appellant's situation from that found in *Bowen v. City of Sheridan,* supra. We do not reach any constitutional premises of the appellant because the provisions of the Wyoming Administrative Procedure Act specifically invoked by the Rules and Regulations of the Rock Springs Police Department Civil Service Commission suffice to afford to the appellant a right of judicial review. Because the only question before us is jurisdictional, we do not address other arguments of the parties which, while designed to persuade us of the correctness of their position on the jurisdictional question, really involve the merits of this controversy.

The order of the district court dismissing the Petition for Review is reversed, and the case is remanded to the district court for further proceedings in accordance with law.

BROWN, Justice, dissenting, joined by RAPER, J., Ret.

I again find myself disagreeing with a majority of my brethren.

It is black letter law that orders of an administrative agency are not reviewable unless made so by statute. *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978). Accordingly, the majority opinion discusses two different statutes in reaching its conclusion that judicial review of the order of the Rock Springs Civil Service Commission is authorized in this case.

First the majority cites § 16–3–114(a), W.S.1977, as authorizing review of a local agency's decision in a contested case. However, I would note that § 16–3–114(a) lists

as a prerequisite for review "the absence of any statutory or common-law provision precluding or limiting" it. The common-law rule is not to allow appeals from the decisions of statutory boards, civil service departments, or administrative agencies. *Town of Windsor v. Windsor Police Department Employees Association, Inc.,* 154 Conn. 530, 227 A.2d 65 (1967); *Wilkins v. State, Department of Public Aid,* 51 Ill.2d 88, 280 N.E.2d 706 (1972); *Brinson v. School District # 431,* 223 Kan. 465, 576 P.2d 602 (1978); *Lydick v. Johns,* 185 Neb. 717, 178 N.W.2d 581 (1970); *Board of Education of Cleveland City School Dist. v. Cuyahoga County Board of Revision,* 34 Ohio St.2d 231, 63 Op.2d 380, 298 N.E.2d 125 (1973); *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard,* Tex., 582 S.W.2d 778 (1979); *Pasch v. Wisconsin Dept. of Revenue,* 58 Wis.2d 346, 206 N.W.2d 157 (1973). Accordingly, the seemingly inescapable conclusion is that § 16–3–114(a), supra, does not authorize judicial review of a police department's suspension of one of its officers regardless of whether the proceedings before the agency constituted a contested case.

Second, the majority finds support for judicial review in this case from §§ 15–5–112 and 15–5–113, W.S.1977. However, § 15–5–113 only authorizes review in district court of a police department civil service commission's decision to discharge a police officer or reduce his rank or pay. In *Bowen v. City of Sheridan,* Wyo., 459 P.2d 204 (1969), this court held that a suspension without pay was not a reduction in pay under § 15–5–112. Since § 15–5–113 is part of the same article, it only makes sense that reduction in pay be given the same meaning. Accordingly, § 15–5–113 cannot be said to authorize review of the suspension of appellant in this case.

The majority opinion discusses the above statutes, but really says that for policy rea-

sons judicial review is proper. The majority states that "the interests of the State of Wyoming are best served by a policy which leads to reviewability in most instances." This is where I strongly disagree with the majority; such a policy is unwise.

Reason dictates that some minor disciplinary matters need not be subject to review. The courts of this state should not be burdened with a complaint by a police officer about his department's reprimand or a disciplinary job assignment to a half day monitoring the dog pound. There is no reason to believe that the floodgates are being opened only to police officers. Every petty disciplinary problem occurring in all the state or local governmental agencies could conceivably be aired in district court. Clearly such an outcome is undesirable.[1]

Even if the majority is limiting this case only to those instances where an agency has treated the proceedings as a contested case, in the future agencies will refuse to give employees any chance to be heard. Thus, by giving more in this case, the majority will be insuring employees get less from now on.

Finally, although the majority does not reach the constitutional question appellant raises, I believe it meritless. The two-day suspension without pay clearly did not constitute an unconstitutional deprivation of a property interest. *Fox v. Carr,* Tex.Civ. App., 552 S.W.2d 885 (1977).

Justice Stevens, while writing for the court in *Bishop v. Wood,* 426 U.S. 341, 349–350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684, 693 (1976), said:

"The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be

1. For many years baseball was thought to be the national pastime. I now believe it to be litigation. Some play golf or collect stamps for recreation or as a hobby; others litigate. We have an obsession about rights and litigation that tends to strangle the courts with minutiae.

construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." (Footnote omitted.)

I would agree with his views and hold them applicable to state court as well.

For these reasons I would have affirmed.