[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Civil Service Employees Affiliates, Inc., Local 760, SEIU, AFL-CIO (hereinafter "CSEA"), appeals a decision of the state board of labor relations overruling objections filed by CSEA concerning an election for representation of a bargaining unit of employees of the Westport Board of Education. The labor board acted in accordance with General Statutes § 7-471. Plaintiff CSEA appeals pursuant to General Statutes §§ 4-183 and 31-109(d). The labor board has moved to dismiss the appeal. The court finds the issues in favor of the defendants.
The bases of the labor board's motion to dismiss are (1) that the labor board's decision to order an election was not a final decision for purposes of § 4-183 and (2) that the decision to hold an election is not an unfair labor practice under § 31-109(d) of the Connecticut Labor Relations Act. The motion implicates the court's subject jurisdiction and the court must, therefore, "fully resolve" the jurisdictional issues before considering the merits of the plaintiff's appeal. Castro v. Viera, 207 Conn. 420, 429 (1988). CT Page 10607
The facts essential to the court's decision are not in dispute and are fully reflected in the record. On March 5, 1993, Janice Price, an employee of the defendant Westport Board of Education, filed a petition with the labor board requesting that the board order an election to decertify the CSEA as the employee's bargaining representative. The proposed election would have permitted the employees to choose whether they wanted to be represented by the CSEA, the Westport Educational Association of Paraprofessionals, or neither organization. The CSEA challenged the election on the ground that WEAP was not a qualified labor organization within the meaning of General Statutes § 7-407 et seq., the Municipal Employee's Relations Act (MERA).
On September 23, 1993, the labor board issued its decision on the CSEA's objections to the petition for election. The labor board concluded that despite "our ongoing commitment to employee's freedom of choice . . . the limited facts before us require us to conclude that, at the time of the petitions and the election, the Westport Educational Association of Paraprofessionals was not a labor organization within the meaning of the act."
On the basis of that finding, the defendant labor board concluded that "the petition . . . was a petition for decertification filed by Price as an individual." Accordingly, the board ordered that another election be conducted to determine only whether the employees of the Westport Board of Education wanted to continue being represented by the plaintiff CSEA. On October 26, 1993, the CSEA filed an objection to that election with the defendant board. The election was thereupon duly conducted, resulting in a vote by the employees to discontinue the CSEA as their bargaining representative.
On December 29, 1993, the defendant labor board notified the parties that it was dismissing the CSEA's objections to the election and that the CSEA was decertified as a representative of the employees of the Westport Board of Education. It is those decisions that CT Page 10608 are the subject of this appeal.
Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216
(1988). In support of its motion to dismiss this appeal, the defendant labor board argues that an order for an election or of certification is not subject to court review. The board cites Town of Windsor v.Windsor Police Dept. Employee's Assn., Inc., 154 Conn. 530,227 A.2d 65 (1967), to support its contention that a labor representation decision under the MERA is not subject to appeal in the superior court. The board contends, therefore, that, since the CSEA has not alleged an unfair labor practice under General Statutes § 31-109(d), the court is without subject matter jurisdiction to entertain this appeal.
In opposition, plaintiff CSEA argues that it is not appealing from a certification or a representation decision of the labor board. Rather, it argues, it is appealing from the board's order directing an election when the decertification petition filed with the board did not comply with the board's own regulations concerning such petitions. For that reason, the CSEA contends that the Labor Board acted in excess of its statutory authority.
General Statutes § 7-471 provides, in relevant part, as follows:.
 [w]henever, in accordance with such regulations as may be prescribed by the board, a petition has been filed (A) by an employee . . . alleging that a substantial number of employees . . . (ii) assert that the employee organization which has been certified or is currently being recognized by their municipal employer as the bargaining representative is no longer the representative of a majority of employees in the unit; . . . the board shall refer the petition to its agent who shall investigate the petition and issue a direction of CT Page 10609 election and conduct a secret ballot election to determine whether and by which employee organization the employees desire to be represented. . . .
In this case, as indicated, the board determined that a qualified petition had been filed for an election to determine whether the employees in question desired to be represented by the plaintiff CSEA. "It is the well established practice of this court to `accord great deference to the construction given a statute by the agency charged with its enforcement.'" GriffinHospital v. Commission on Hospitals and Health Care,200 Conn. 489, 497, 512 A.2d 199, appeal dismissed,479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986), quoting Corey v. Avco-Lycoming Division, 163 Conn. 309,326, 307 A.2d 155 (1972). In accordance with that rule, the court will not disturb the conclusion of the board that the petition was sufficient under the board's regulations to support the board's order for an election; specifically, the election that was held on the question of the CSEA's continuing representation of the employees of the bargaining unit.
The question remains whether the plaintiff may appeal the decertification order that the board issued following the election. That question has been explicitly answered by our Supreme Court in Town ofWindsor v. Windsor Police Dept. Employee's Assn., Inc., supra, 154 Conn. 535. That decision precludes any direct appeal of a certification decision by the labor board. "Our conclusion [is] that the General Assembly neither intended to nor did provide for a direct appeal from a decision of the board determining an appropriate bargaining unit and directing an election within that unit . . ." Id., 536.
For all of the foregoing reasons, the court concludes that the defendant board's decision to hold the election and decertify the plaintiff union is not appealable to this court under General Statutes §§ 4-183 and 31-109(d).
The appeal is dismissed. CT Page 10610
MALONEY, J.