[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, American Federation of State, County and Municipal Employees, Council 4, Local 1303-030 (Council 4), appeals the decision of the Connecticut State Board of Labor Relations (the labor board) certifying another union, Connecticut Independent Labor Union (CILU) as the collective bargaining representative for certain employees of the Town of Hamden pursuant to General Statutes § 7-471 (1). Two defendants, CILU and the labor board, move to dismiss this administrative appeal for want of subject matter jurisdiction claiming that the labor board's representation decision is not appealable under General Statutes §§ 4-183,7-471 and 31-109 (d). The court finds in favor of the defendants and dismisses the appeal.
The following stipulated facts are relevant to these motions. On February 2, 1996, CILU filed a petition with the labor board pursuant to § 7-471(1) seeking: (1) to represent all employees of the Town of Hamden working "20 hours or more per week and those persons employed as crossing guards;" and (2) to decertify Council 4 as the exclusive bargaining representative of those employees. The labor board ordered an election pursuant to General Statutes § 7-471 (1) to determine whether this group of employees desired to be represented by CILU or Council 4. The election was held on April 18, 1996. CILU received the majority of votes in the election.
Before the election, on April 3, 1996, Council 4 objected to the order of election claiming CILU's petition was untimely filed pursuant to 7-471-8 (b) of the Regulations of Connecticut State Agencies. Section 7-471-8 (b) provides in pertinent part: "A petition [for representation] will be considered timely if it is filed between 180 and 150 days prior to the expiration of the collective bargaining agreement covering the employees who are the subject of the petition." February 2, 1996 was the 150th day before the CT Page 4236 expiration of the agreement.
Council 4 argued before the labor board that because the petition was required to be filed "between" the 180th and 150th day before the expiration of the agreement, the 150th day was not included within that time period. According to Council 4, February 1, 1996, the 151st day, was the final day for CILU to timely file its petition.
The labor board disagreed. On December 9, 1996, it found that CILU's petition for representation was timely filed and certified CILU as the collective bargaining representative for "Town Hall employees including crossing guards."
Relying on our Supreme Court's decision in Windsor v.Windsor Police Dept. Employees Assoc., 154 Conn. 530 (1967), the defendants now move to dismiss the appeal on the ground that General Statutes §§ 4-183, 7-471, and 31-109 do not provide for direct appeal of the labor board's representation decision.
In Windsor, the labor board issued a decision determining which employees in the Windsor Police Department comprised the bargaining unit and certifying a bargaining representative for that unit. Based on the applicable statutory language, related federal caselaw, and the legislative history of the Municipal Employees Relations Act (MERA), General Statutes §§ 7-460 to 7-479, our Supreme Court determined that representation decisions of the labor board are not directly appealable. Windsor v. WindsorPolice Department Employees Association, Inc., supra,154 Conn. 535-36. The purpose behind not allowing direct appeals is "to postpone the delay necessary to judicial intervention in the administrative process until a representation election has been held and the employer has been required to do something predicated on the results of the election." Id., 538.
Council 4 does not argue that it has a statutory right to appeal the certification decision. Rather, Council 4 argues that direct judicial review is warranted here, based on a narrow exception carved out in Leedom v. Kyne,358 U.S. 184 (1958) and referenced in Windsor v. Windsor PoliceDepartment Employees Association Inc., supra, CT Page 4237154 Conn. 536-38. This exception allows immediate judicial review of labor board representation decisions under extraordinary circumstances. Examples of such extraordinary circumstances are where the labor board "has acted in excess of its delegated powers, contrary to a specific statutory prohibition and where there have been public questions of international complexion." Windsor v. Windsor PoliceDepartment Employees Association Inc., supra, 538, citingMcColloch v. Socieded Nacional de Marineros de Honduras,372 U.S. 10 (1963); Leedom v. Kyne, [supra,] 358 U.S. 184. Council 4 contends that the labor board exceeded its delegated powers by failing to observe its own regulation, § 7-471-8 (b), governing the time limits for filing a petition for certification.
Contrary to Council 4's position, this case is not akin to Leedom v. Kyne. In that case, the United States Supreme Court found that the District Court had jurisdiction to review a certification decision of the National Labor Relations Board. The NLRB had included both professional and nonprofessional employees in the same bargaining unit without first conducting an election among the professional employees to determine if they were willing to be included in a bargaining unit with nonprofessionals. 29 U.S.C. § 159
(b)(1) explicitly states that the NLRB "shall not . . . decide that any unit is appropriate for such purposes if such unit includes both professional employees and employees who are not professional employees unless a majority of such professional employees vote for inclusion in such unit."
The Supreme Court found this statute to be a "clear and mandatory" prohibition and that "[p]lainly, this was an attempted exercise of power [by the NLRB] that had been specifically withheld. It deprived the professional employees of a `right' assured to them by Congress." Leedomv. Kyne, supra, 358 U.S. 189. "The definite prohibition which Congress inserted in the Act cannot therefore be overridden in the view that Congress intended it to be ignored. As the prohibition was appropriate to the aim of Congress, that enforcement was contemplated." (Citations omitted.) Id.
In the present case, § 7-471-8 (b) of the regulations sets the dates for timely filing a petition for representation. Courts accord great deference to an CT Page 4238 "agency's interpretation of its own duly adopted regulations." Electrical Contractors Inc. v. Tianti,223 Conn. 573, 593 (1992). Interpreting its own regulation, the labor board included the 150th day before the expiration of the collective bargaining agreement in the time frame allowed for filing a petition.
The labor board's interpretation of § 7-471-8 (b) does not explicitly contravene the language of the regulation, does not violate any of the provisions of MERA, does not deny bargaining unit members their statutory rights, and does not thwart the General Assembly's purpose or intent in enacting MERA. Thus, the circumstances of this case are not extraordinary such that immediate judicial review of the labor board's decision is warranted. The case does not, therefore, fall within the exceptions to the rule referred to in Windsor. For the reasons set forth in that case, this appeal may not be maintained.
The appeal is dismissed.
MALONEY, J.