[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS 
CT Page 319
This administrative appeal is brought by Connecticut Independent Labor Union ("CILU") to challenge a ruling of the State Board of Labor Relations ("Labor Board"). The Labor Board moves to dismiss the appeal claiming that no direct appeal is permitted from its determination.
The parties agree on the following facts. On January 28, 1999, CILU filed a petition with the Labor Board seeking to represent a bargaining unit of "white collar employees", employed by the City of Middletown. CILU sought to "carve out" these white-collar employees from the existing wall-to-wall unit currently represented by an AFSCME union. On March 12, 1999, AFSCME intervened to seek representation of this bargaining unit contested by CILU.
An agent of the Labor Board ordered an election for the purposes of determining the outcome of this contest between the two unions. The election was held on May 13, 1999. On August 27, 1999, the Labor Board overruled a decision upon which the agent of the Labor Board had relied upon in part in calling for the election. After briefs, the Labor Board declared the election a nullity concluding that the claimed "white collar" unit did not possess a sufficient separate community of interest. CILU has appealed from this decision and has admitted in court that it did not make a demand to bargain with Middletown regarding wages, hours and conditions of employment of the white collar workers.
The administrative appeal must be dismissed under the authority of Townof Windsor v. Windsor Police Department Employees Association Inc.,154 Conn. 530 (1967) (appeal does not lie from a Labor Board decision regarding bargaining unit representation). As a condition precedent to an appeal, CILU must approach the City and ask to bargain on behalf of the claimed unit. It may then return to the Labor Board to file a prohibited practice complaint. At that point CILU would be eligible to appeal to this court. See also Milford Supervisors Association v. State Board of LaborRelations, Docket No. CV 98 0577451, Superior Court, judicial district of Hartford/New Britain at Hartford (March 25, 1998, McWeeny, J.) (appeal dismissed following Windsor, on ground of exhaustion of remedies); AFSCMEv. Town of Hamden, Docket No. CV 96 0565297, Superior Court, judicial district of Hartford/New Britain at Hartford (April 10, 1997, Maloney, J.) (union claims extraordinary circumstance, and recognizes that it has no general right to appeal, due to Windsor).[1]
Nor has CILU met the exception here of Leedom v. Kyne, 358 U.S. 184
(1958). That case required the plaintiff to allege in its complaint an extraordinary circumstance where the Labor Board acted in excess of its powers contrary to a specific prohibition in labor relations statutes. CT Page 320Town of Windsor v. Windsor Police Department Employees Association,Inc., supra, 154 Conn. 538. The plaintiff's complaint does not contain this necessary allegation and counsel's brief cannot substitute for this appropriate declaration. "The allegations of the pleadings must apprise the opposing party of the issues and claims to be made." Bank of Montrealv. Gallo, 3 Conn. App. 268, 276, cert. denied, 195 Conn. 803 (1985).[2]
CILU argues that it will be forced to approach the City before it has finally been recognized to represent the bargaining unit. This is, however, a necessary' step in the process to bring an appeal in this court. As the Labor Board argues, based upon the results of the election, in which a majority of the claimed unit voted for representation by the Union, the Union could have approached the City for recognition, and filed a complaint with the Board under either General Statutes § 7-470(a)(4) (prohibited practice to fail to bargain in good faith) or § 7-470(a)(1) (prohibited practice to interfere with employees in the exercise of their § 7-468 rights). The Union claims that the Board should have deferred to the Agent's order of election and the results of that election. There is no dispute that a majority of the claimed unit voted to be represented by the Union. Therefore, there is no barrier to the Union requesting to bargain with the City based on the results of the election.
Finally, CILU's reliance on Colonial House, Inc. v. Connecticut StateBoard of Labor Relations, 23 Conn. Sup. 30 (1961), is misplaced. Unlike the present administrative appeal under General Statutes § 4-183,Colonial House was an action for declaratory judgment. An appeal from a request for a declaratory ruling is certainly available to CILU if it has exhausted its administrative remedies under § 4-176. ConnecticutMobile Home Assn., Inc. v. Jensen's, Inc., 178 Conn. 586, 588 (1979).
The motion to dismiss is, therefore, granted.
Henry S. Cohn, Judge