Billy J. FOX, Chief, Texarkana, Texas Fire Department, Appellant,

v.

Ronald CARR, Appellee.

No. 8443.

Court of Civil Appeals of Texas, Texarkana.

May 31, 1977.

Paul B. Higgins, City Atty., Gregory S. Torrance, Asst. City Atty., Texarkana, for appellant.

Carolyn Lee Whitefield, Texarkana, Ark., for appellee.

CORNELIUS, Justice.

Chief Billy J. Fox of the Texarkana, Texas Fire Department appeals from a judgment of the district court which reversed a three-day disciplinary suspension which he had imposed upon Ronald Carr, a captain in the department. The three-day suspension was ordered on March 19, 1976. At the time of the suspension, appellant notified appellee that he had ten days within which to file a written appeal with the Texarkana Civil Service Commission. The appellee filed such an appeal, a hearing was held, and the order of suspension was affirmed by the commission. The appellee then filed his petition in the district court seeking to have the order of suspension set aside. The appellant answered by general denial, and trial was to the court without a jury. The trial court found that the action of the commission in sustaining the suspension was not supported by substantial evidence, and reversed the order.

Appellant asserts that the trial court erred in ruling that the decision of the civil service commission was not supported by substantial evidence, and he also asserts for the first time that the district court had no jurisdiction because no appeal lies from the imposition of a disciplinary suspension.

The Firemen's and Policemen's Civil Service Law, Tex.Rev.Civ.Stat.Ann. art. 1269m, provides in part as follows:

".   .   .

Indefinite suspensions

Sec. 16. The Chief or Head of the Fire Department   .   .   . shall have the power to suspend indefinitely any officer or employee under his supervision or jurisdiction for the violation of civil service rules, but in every such case the officer making such order of suspension shall, within one hundred and twenty (120) hours thereafter, file a written statement with the (civil service) Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected   .   .   . Said order of suspension shall inform the employee that he has ten (10) days   .   . within which to file a written appeal with the Commission. The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal. Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed   .   . or be restored to his former position   .   .   . (Parenthesis supplied.)

.         .         .         .         .

Appeal to district court

Sec. 18. In the event any Fireman   .   .   . is dissatisfied with the decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that his order of suspension or dismissal or demotion be set aside,   .   .   . and such case shall be tried de novo.   .   .   .

Demotions

Sec. 19. Whenever the head of the Fire Department   .   .   . may desire the demotion   .   .   . of an officer or employee under his supervision or jurisdiction, such Department head may recommend in writing to the Commission that such employee be so demoted, giving his reasons therefor, and requesting that the Commission make such order of de-

motion, . . . Said Commission shall have the authority to refuse to grant said request for demotion. If, however, said Commission feels that [probable] cause exists for said demotion, they shall give such employee ten (10) days advance written notice to appear before them at a time and place specified . . . and said employee shall have the right to a full and complete public hearing upon such proposed demotion. The Commission shall not demote any employee without such hearing. ·

### Disciplinary suspensions

Sec. 20. The head of either the Fire or Police Department shall have the power to suspend any officer or employee under his jurisdiction . . . for disciplinary purposes, for reasonable periods, not to exceed fifteen (15) days; provided, that in every such case, the department head shall file with the Commission within one hundred and twenty (120) hours, a written statement of action, and the Commission shall have the power to investigate and to determine whether just cause exists therefor. . . . The Commission shall have the power to reverse the decision of the department head and to instruct him immediately to restore such employee to his position. . . .

. . ."

From the quoted excerpts it may be seen that the statute requires a full and complete hearing before the civil service commission in case of a demotion, and, if requested by the employee, in case of an indefinite suspension. In such cases, the commission is required to make a final decision and notify the employee of such decision. Section 18 then provides for a right of appeal by the employee from the final decision of the civil service commission to the district court. But Section 20, which authorizes a department head to order disciplinary suspensions of less than fifteen (15) days, provides only that, on receiving notice of such a disciplinary suspension, the civil service commission shall have the "power to investigate and to determine whether just cause exists therefor", and may reverse the order. There is no provision requiring a full and complete hearing in the case of disciplinary suspensions, as is provided in Sections 16 and 19 for indefinite suspensions and demotions.

Considering the statute in its entirety, it appears to have been the intention of the legislature to allow an appeal to the district court only when a hearing before the civil service commission is required and when that body, after receiving and considering evidence, has rendered a final decision as a result of that hearing. As no hearing before the civil service commission is required in the case of disciplinary suspensions, the intent apparently was to allow no appeal from such a temporary order, but to leave the imposition of such a penalty in the discretion of the department head, subject only to reversal if the commission chose to investigate and disagreed with the action of the department head. Dictum of the court in *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ.App. Fort Worth 1975, writ ref'd n. r. e.), supports this view. We recognize that Section 18 of the act, which pertains to appeals, refers generally to orders of suspension without making any distinction between disciplinary suspensions and indefinite suspensions, but a harmonizing of all the provisions of the statute supports the conclusion that "suspensions," as used in Section 18, refers to indefinite suspensions and not those which are disciplinary and less than fifteen (15) days' duration. If the legislature did not intend to treat indefinite suspensions and disciplinary suspensions differently with regard to their appealability, it is difficult to understand why it would have treated them differently at all.

No right of appeal from the action of an administrative body or a civil service department exists unless it is provided by statute, or the action complained of violates a constitutional right. Otherwise, such actions are final, and the mere fact that the legislature has denied judicial review does not invalidate them or constitute a denial of due process. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951). The

temporary suspension of appellee for disciplinary reasons did not constitute the deprivation of a property interest protected by the Fourteenth Amendment to the United States Constitution. Compare *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *City of Amarillo v. Hancock*, supra.

Appellee contends that even if the statute did not require that the civil service commission conduct a hearing relating to his disciplinary suspension, the commission nevertheless did hold such a hearing, and that having done so, a right of appeal to the district court arose. We do not agree. The action of the civil service commission in holding a hearing was surplusage, and its voluntary action in doing so could not create a right of appeal which did not otherwise exist under the provisions of the statute.

Although appellant did not raise the issue below, a court's lack of jurisdiction of the subject matter of a controversy is fundamental error and a plea to such effect is subject to review although first presented on appeal. *Texas Employment Commission v. International U. of E., R. & M. Wkrs.*, 163 Tex. 135, 352 S.W.2d 252 (1961).

As the district court lacked jurisdiction, the judgment must be reversed and the cause dismissed. It is so ORDERED.