Ronald E. ATTAWAY, Appellant,

v.

CITY OF MESQUITE and Firemen's and
Policemen's Civil Service
Commission, Appellees.

No. 19387.

Court of Civil Appeals of Texas,
Dallas.

Feb. 10, 1978.

Rehearing Denied Feb. 10, 1978.

Ted B. Lyon, Jr., Mesquite, for appellant.

Elland Archer, City Atty., Mesquite, for
appellees.

ON MOTION FOR REHEARING

GUITTARD, Chief Justice.

Ronald Attaway, a member of the Mesquite Police Department, attempted to appeal to the district court from an order of the City Firemen's and Policemen's Civil Service Commission sustaining the action of the Chief of Police in suspending him for a period of ten days. The trial court dismissed his attempted appeal for want of jurisdiction. On original submission, we affirmed the dismissal in an unpublished memorandum opinion on the ground, among others, that appellant had no statutory right of appeal of the Commission's order, as held in *Fox v. Carr,* 552 S.W.2d 885, 887 (Tex.Civ.App.—Texarkana 1977, no writ), and that he had no right of review of the Commission's order for deprivation of a constitutionally protected right, since he had no vested property right in continued public employment, as held in *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 792 (1951).

In his motion for rehearing, plaintiff argues that even though he may have had no vested property right in his employment,

his right of judicial review, as recognized in *Hancock,* extends to allegations of deprivation of other constitutional rights, including his right of free speech, which he asserts was infringed by the Commission's order. Accordingly, we have re-examined the record and relevant authorities to determine whether plaintiff has shown a denial of his right of free speech. We conclude that no such denial is shown.

The petition alleges that plaintiff was suspended for ten days "because he allegedly placed a cartoon on the bulletin board of the Mesquite Police Association which depicted a supervisor in an unfavorable light" and that such suspension was "a violation of his First and Fourteenth Amendment rights under the United States Constitution." Defendant filed an answer and motion to dismiss for want of jurisdiction. After a hearing, the trial court dismissed the action on the ground that plaintiff had no right to appeal to the court from a disciplinary suspension of less than fifteen calendar days. In lieu of a record of that hearing, the parties have submitted on this appeal an "agreed statement of facts," which shows that plaintiff placed a cartoon on the bulletin board of the police association and that he was suspended for disrespect shown to his supervisory officer and conduct subversive to the good order and discipline of the department. A copy of the cartoon is attached. The agreed statement recites that the association's bulletin board, where the cartoon was placed, is located in the squad room, which is used for police squad meetings and is not open to the public.

Counsel for plaintiff does not contend that the cartoon in question was a serious comment on a matter of public interest. On oral argument, he takes the position that it was exhibited as a joke, but he argues that a disciplinary suspension imposed for making a joke which "depicted a supervisor in an unfavorable light" was a denial of plaintiff's right of free speech under the First and Fourteenth Amendments.

■ We conclude that the right of free speech does not extend so far. We recognize that a person does not by accepting public employment surrender his right as a citizen to comment on matters of public importance, even with respect to the conduct of his superiors. His freedom in this respect, however, is not as broad as that of the general public, since weight must also be given to the effective operation of the public service. The leading authority on this point is *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968), in which the Supreme Court held that a teacher's exercise of his right to speak on issues of public importance may not furnish the basis for his dismissal from public employment. The Court recognized that the state has interests in regulating the speech of its employees that "differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general," and stated:

> The problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

The balance thus stated in *Pickering* has been found to weigh in favor of a policeman where his utterances concerned matters of public interest, were not directed to any person with whom he would be in daily contact, and created no problem of discipline or disharmony among co-workers. *Brukiewa v. Police Commissioner of Baltimore,* 257 Md. 36, 263 A.2d 210, 215 (1970). It has been found to weigh against a fireman who was suspended for five days for criticism aimed at immediate superiors and found to be false, divisive, disruptive, and detrimental to the discipline of the fire department. *Fisher v. Walker,* 464 F.2d 1147, 1152 (10th Cir. 1972).

■ We find that in the present case, likewise, the balance weighs against the employee. The cartoon in question, as modified by plaintiff, attributes grossly immor-

al personal conduct to the assistant chief of the department. If intended as a joke, it may, nevertheless, be interpreted as holding the assistant chief up to ridicule in the eyes of the police officers over whom he presumably had the responsibility to maintain discipline. Plaintiff makes no claim that it was intended as a serious contribution to public discussion on a matter of general interest. Consequently, we hold that no infringement of the constitutional right of free speech has been shown.

Plaintiff also argues that the police department rules he was charged with violating are unconstitutionally overbroad. We do not find that he raised this question in the trial court by pleading or otherwise. The text of the rules is not before us, since the agreed statement of facts only states the grounds of the suspension, and we cannot infer the complete text from this statement of grounds. Consequently, we cannot reverse the judgment for this reason.

Motion for rehearing overruled.