**FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION OF the CITY OF FORT WORTH et al., Petitioners,**

v.

**B. G. BLANCHARD et al., Respondents.**

No. B–8365.

Supreme Court of Texas.

June 13, 1979.

Arthur R. Petersen, City Atty., Walter W. Leonard and Richard E. Henderson, Asst. City Attys., Fort Worth, for petitioners.

Farrar & Claunch, Jim Claunch, Fort Worth, for respondents.

PER CURIAM.

This is an appeal from an order of the Fort Worth chief of police suspending two officers under his command. The officers, B. G. Blanchard and R. C. Sutherland, received disciplinary suspensions for using excessive force while making an arrest. Both suspensions were for a period of less than fifteen days. The principal issue is whether the Firemen's and Policemen's Civil Service Act, Article 1269m, Tex.Rev.Civ.Stat.Ann. allows an officer a right to appeal a temporary, disciplinary suspension.

The officers filed an appeal with the Fort Worth Civil Service Commission. A hearing was held and the orders of suspension were affirmed by the Commission. Both officers next appealed to the district court seeking reinstatement with back pay for the periods of suspension. The trial court found that the Commission's action in sustaining the suspensions was supported by substantial evidence. The Court of Civil Appeals, however, disagreed finding no evidence connecting either officer to the events leading to their respective suspensions. 577 S.W.2d 337. The Court of Civil Appeals therefore reversed the judgment of the trial court and rendered judgment that the officers be reinstated with pay for the periods of suspension.

Although not mentioned by the parties or considered by the lower courts, the central issue is whether the Firemen's and Policemen's Civil Service Act grants an officer a right to appeal a temporary, disciplinary suspension. Not every act of the Commission is subject to judicial review. *Firemen's & Policemen's Civil Service Commission v. Kennedy,* 514 S.W.2d 237 (Tex. 1974). Assuming compliance with basic constitutional guarantees, no right of appeal from the action of an administrative body or a civil service department exists unless provided by statute. *Stone v. Texas Liquor Control Board,* 417 S.W.2d 385 (Tex. 1967); *City of Amarillo v. Hancock,* 150

Tex. 231, 239 S.W.2d 788 (1951); *Fox v. Carr,* 552 S.W.2d 885 (Tex.Civ.App.—Texarkana 1977, no writ).

■ The Firemen's and Policemen's Civil Service Act does not authorize an appeal from disciplinary suspensions which do not exceed fifteen days duration. *See, Fox v. Carr, supra,* and *Attaway v. City of Mesquite,* 563 S.W.2d 343 (Tex.Civ.App.—Dallas 1978, no writ). In *Stone v. Texas Liquor Control Board, supra* at 385–86, we said "there is no right of appeal from an administrative order unless the statute provides for the same or unless the order violates a constitutional right or adversely affects a vested property right." Since the Act does not authorize an appeal from disciplinary suspensions and the police chief's orders of suspension neither violate a constitutional right nor adversely affect a vested property right, the lower courts' consideration of the present appeal is contrary to the well settled rule stated by this Court in *Stone v. Texas Liquor Control Board, supra.*

Pursuant to the authority conferred by Rule 483, Texas Rules of Civil Procedure, we grant the writ of error and, without hearing oral argument, the judgments of the courts below are reversed and set aside and the cause is dismissed.