Glasier CRAWFORD, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 17669.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 15, 1980.

Rehearing Denied June 12, 1980.

Lohmann, Glazer & Irwin, D. Reid Walker, Houston, for appellant.

Robert M. Collie, Jr., City Atty., Dennis C. Gardner, John J. Hightower, Asst. City Attys., Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

Glasier Crawford filed an appeal with the District Court from the action of the Firemen's and Policemen's Civil Service Commission of the City of Houston sustaining two disciplinary suspensions of fifteen days each issued to him by the Chief of Police of the City of Houston. The district court sustained a plea to the jurisdiction and dismissed the attempted appeal.

On March 26, 1979, appellant received two disciplinary suspensions of 15 days each. The suspensions were based on unrelated incidents and were issued in separate orders. The 15 day periods assessed were to run consecutively with no time interval separating the two periods. The effect of the two orders issued by the Chief of Police was to suspend officer Crawford for a total of 30 calendar days.

Prior to an amendment to Article 1269m, V.A.C.S. (Firemen's and Policemen's Civil Service Act), effective September 1, 1979, Section 20 of the Act provided that the Police Chief should have the power to suspend any officer under his jurisdiction for disciplinary purposes, "for reasonable periods, not to exceed fifteen (15) days; provided, that in every such case, the department head shall file with the Commission within one hundred and twenty (120) hours, a written statement of action, and the Commission shall have the power to investigate and to determine whether just cause exists therefor. . . . The Commission shall have the power to reverse the decision of the department head and to instruct him immediately to restore such employee to his position. . . ."

Section 16 of the Act authorizes the Chief of Police to suspend indefinitely any officer under his jurisdiction for the violation of Civil Service rules. This Section details the procedure to be followed in charging the officer and requires a hearing before the Civil Service Commission. As amended in 1977, Section 18 of the Act provides:

"In the event any Fireman or Policeman is dissatisfied with [any] decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside . . ."

Before the amendment this Section read:

"In the event any Fireman or Policeman is dissatisfied with the decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, ask-

ing that his order of suspension or dismissal or demotion be set aside . . ."

In a case determined prior to the effective date of the 1977 amendment the Court of Civil Appeals at Texarkana determined that Section 18 did not authorize judicial review of an order of disciplinary suspension. *Fox v. Carr*, 552 S.W.2d 885 (Tex.Civ. App.—Texarkana 1977, no writ).

In a per curiam opinion rendered on June 13, 1979, the Supreme Court of Texas held that the Firemen's and Policemen's Civil Service Act does not authorize an appeal from disciplinary suspensions which do not exceed 15 days duration, citing *Fox v. Carr*, supra, and *Attaway v. City of Mesquite*, 563 S.W.2d 343 (Tex.Civ.App.—Dallas 1978, no writ). This case involves suspensions which grew out of an event occurring on May 14, 1977, a date prior to the amendment of Section 18. However, the police officers were suspended by the Chief of Police on November 9, 1977, a date subsequent to the amendment. *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Blanchard*, 582 S.W.2d 778 (Tex. 1979).

In the *Blanchard* case the Supreme Court did not discuss the effect, if any, of the 1977 amendment changing the wording of Section 18. This change was discussed in *Bartek v. Firemen and Policemen's Civil Service Commission of Temple*, 584 S.W.2d 358 (Tex.Civ.App.—Tyler 1979, no writ). In that case a fireman sought to appeal from a decision of the Civil Service Commission denying his request for a voluntary demotion. The court stated its opinion that it was not the intention of the legislature by the 1977 amendment to Section 18, Article 1269m, to provide that *every act* of the Commission is subject to judicial review. The court stated that "(i)f *any decision* of the Commission may be appealed to the District Court then the Court is required to substitute itself for the administrative body and perform purely administrative acts." The court then pointed to the decision of the Supreme Court of Texas in *City of Amarillo v. Hancock*, 150 Tex. 231, 239

S.W.2d 788 (1951) which held that judicial review will be denied even though specifically granted by the legislature if the legislature requires the court to substitute itself for the administrative body and perform purely administrative acts.

▆ A litigant has no vested right in a remedy. A remedial statute is valid and controls litigation from the date it becomes law, and all proceedings taken thereafter must be under the new law. *Phil H. Pierce Co. v. Watkins*, 114 Tex. 153, 263 S.W. 905 (1924); *Brooks v. Texas Employers Insurance Association*, 358 S.W.2d 412 (Tex.Civ. App.—Houston 1962, writ ref. n. r. e.). Statutes giving and regulating the right of appeal in the courts of Texas are recognized as remedial in their nature. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941).

Since all the appeals in *Blanchard* occurred subsequent to the effective date of the 1977 amendment to Section 18, that Section as amended controls those appeals. Blanchard thus stands for the proposition that the Civil Service Statute does not authorize appeals of disciplinary suspensions.

▆ Officer Crawford, however, asserts that the suspensions should be considered as an indefinite suspension and the appeal allowed because the two disciplinary suspensions of 15 days each were set to run consecutively, were heard by the Commission as one appeal and were confirmed in one order. A disciplinary suspension for a greater period of time than fifteen calendar days becomes an indefinite suspension. *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1975, writ ref. n. r. e.). The Firemen's and Policemen's Civil Service Commission had no authority to order the suspensions and did not do so. Its authority was to determine whether just cause existed for the action of the Police Chief. It could have reversed the Chief's decision but it did not do so. By its silence on the subject the Act grants the Police Chief the discretion to determine when the suspension will begin and when it will end. The action of the Police Chief in ordering that the 15 day disciplinary sus-

pensions imposed on Crawford run consecutively did not amount to indefinitely suspending him. The trial court correctly concluded that it lacked jurisdiction over the appeal from the order of the Civil Service Commission.

The petition filed on behalf of Officer Crawford also sought declaratory relief from the trial court. He now urges that the trial court erred in denying jurisdiction to decide whether the six month limitation period found in Section 16 of the Civil Service Act applies to disciplinary suspensions as well as to indefinite suspensions; whether the statement of action taken against Crawford by the Police Chief which he was required to file with the Commission was sufficient as a matter of law; and whether the Commission was required by the act to record the proceedings at the hearing which the Commission afforded Officer Crawford. It was alleged that the plaintiff has suffered irreparable injury and is threatened with irreparable harm in the future because personnel records continue to reflect the suspensions which impair his right to future advancement and transfer within the Police Department. He prayed for ancillary relief.

■ It is settled that the provisions of the Uniform Declaratory Judgments Act, Article 2524–1, V.A.C.S., confer neither new substantive rights upon the parties nor additional jurisdiction on the courts. The Act merely provides a procedural device for the determination of controversies which are within the jurisdiction of the courts. *Marshall v. City of Lubbock*, 520 S.W.2d 553 (Tex.Civ.App.—Amarillo 1975, no writ); *Phillips v. City of Odessa*, 287 S.W.2d 518 (Tex.Civ.App.—El Paso 1956, writ ref'd, n. r. e.).

■ Section six of the Act provides that the trial court may "_ _ _ refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." It is also settled that the entry of a declaratory judgment rests within the sound discretion of the trial

court. *Byrnes v. University of Houston*, 507 S.W.2d 815 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.).

The Police Chief was given the authority by the Firemen's and Policemen's Civil Service Act, § 20, Article 1269m, V.A.C.S., to suspend officers for disciplinary purposes for reasonable periods not to exceed 15 days. All suspensions to be enforced under the authority of this Section are required to be reported to the Civil Service Commission. The Commission has the discretionary power to investigate and to determine whether just cause exists for the suspension. The Commission is given the power to reverse the decision of the Chief of Police and to instruct him to restore the employee to his position. The Commission is not required to make an investigation and the Act does not grant the right to judicial review to the suspended officer in the event the Commission elects to conduct an investigation and refuses or fails to restore the officer to his position. The legislature has the power to establish this system. *Firemen's and Policemen's Civil Service Commission of City of Fort Worth v. Kennedy*, 514 S.W.2d 237 (Tex.1974).

■ Judicial review of administrative action may be specifically provided or specifically denied by the legislature, but even where judicial review is specifically provided it will be denied if the legislature requires the court to substitute itself for the administrative body and perform purely administrative acts. Although the legislature specifically denies judicial review, decisions of an administrative body may be attacked in court if they violate some provision of the State or Federal Constitution. All other decisions of such administrative body are valid, and the mere fact that the legislature has denied judicial review does not invalidate them. The courts recognize an inherent right of appeal from an administrative body created by an Act silent on the question of appeal only where the administrative action complained of violates a Constitutional provision. *City of Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788 (1951). Crawford has not contended in this

appeal that he was denied any Constitutional right by the failure of the trial court to entertain this appeal. Due proces does not require a judicial review of administrative decisions. *Kennedy,* supra.

█ The limitation on the right of the Chief of Police to suspend Crawford for disciplinary reasons is dependent on the Civil Service Act and is therefore subject to all the limitations and infirmities of that Statute. *Kennedy,* supra. Crawford's suspension gives rise to no cause of action independent of the Civil Service Act. He cannot secure a right of appeal not granted in the Act by the expedient of filing a declaratory judgment action.

The judgment is affirmed.