**CITY OF LAREDO, Appellant,**

v.

**Luis E. SOLIS, Appellee.**

No. 04–82–00203–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1983.

**524**

Anthony C. McGettrick, District Attorney's Office, Laredo, for appellant.

Sharon Trigo, Laredo, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

Appellant, City of Laredo, appeals from a judgment setting aside the order of the Firemen's and Policemen's Civil Service Commission of the City of Laredo suspending appellee, Luis Solis, a city police officer, for one day, ordering his reinstatement with back pay and awarding him $1,200.00 as attorney's fees. We affirm.

The Chief of Police suspended Solis for three days after a patrol car being operated by Solis was involved in a collision. Solis appealed to the Civil Service Commission under the provisions of section 20 of the Firemen's and Policemen's Civil Service Act, TEX.REV.CIV.STAT.ANN. art. 1269m (Vernon Supp.1982–1983). After a public hearing, the Commission entered an order reducing the suspension period to one day. Solis then filed this appeal in district court under section 18 of the statute.

Although the City urged in the trial court that the order of the Commission is not subject to judicial review, it does not raise the question of jurisdiction in its brief filed in this Court. However, in view of the holding in *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard*, 582 S.W.2d 778, 779 (Tex.1979), that a "disciplinary suspension" (a suspension for a period not in excess of fifteen days) is not subject to judicial review, a discussion of the jurisdiction of the district court in this case is necessary.

Prior to 1979, section 20 of the statute, which deals with disciplinary suspensions, did not give to an officer who had been suspended for a period not in excess of fifteen days the right to appeal the suspension to the Commission. He could not demand a public hearing. The statute at that time merely provided that the Commission had the right to investigate the circumstances surrounding the suspension if it so desired. TEX.REV.CIV.STAT.ANN. art. 1269m, § 20 (Vernon 1963).

In 1979, section 20 was amended, effective September 1, 1979. Since September 1, 1979, every officer who is suspended, irrespective of the length of the suspension, has the absolute right to appeal to the commission and to demand a public hearing. The Commission has been stripped of all discretion to determine whether it will review the suspension. The result is that now the right to an appeal and a public hearing before the Commission no longer depends on the length of the suspension, so that an officer who has been suspended for fifteen days or less now has the same rights as an officer who is suspended for more than 15 days or indefinitely. When the officer appeals from a disciplinary suspension, the Commission is required to have "a public hearing under section 17 of this Act." Section 17 sets out the manner in which a policeman or fireman may appeal to the Commission "from which an appeal or review is provided under the terms of the" Civil Service Act. *See* TEX.REV.CIV.STAT.ANN. art. 1269m, §§ 17 and 20 (Vernon Supp.1982–1983).

At the time *Blanchard* was decided, the 1979 amendment to section 20 had not gone into effect. Under the statute then in effect, the officers had no right of appeal to the Commission. There was, therefore, a significant difference in the rights of an officer who had been suspended for not more than fifteen days and an officer who had been suspended for more than fifteen days. The former had no right of appeal to the Commission: the latter did.

The significance of the absence, prior to September 1, 1979, of the right of appeal to the Commission in cases involving disciplinary suspensions was pointed out in *Fox v. Carr*, 552 S.W.2d 885, 887 (Tex.Civ.App.— Texarkana 1977, no writ), as follows:

> Considering the statute in its entirety, it appears to have been the intention of the legislature to allow an appeal to the district court only when a hearing before the civil service commission is required and when that body, after receiving and considering evidence, has rendered a final decision as a result of that hearing. As no hearing before the civil service commission is required in the case of disciplinary suspensions, the intent apparently was to allow no appeal from such a temporary order, but to leave the imposition of such a penalty in the discretion of the department head, subject only to reversal if the commission chose to investigate and disagreed with the action of the department head. Dictum of the court in *City of Wichita Falls v. Harris*, 532 S.W.2d 653 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.) supports this view.

Under section 18 of the statute, any policeman who "is dissatisfied with the decision of the Commission" may appeal by filing, within ten days, a petition in the district court "asking that his order of suspension or dismissal or demotion be set aside, ..." This reference to orders of suspension without distinguishing between disciplinary and indefinite[1] suspensions caused some concern to the Court in *Fox*, but the Court "harmonized" all of the provisions of the statute by concluding that "suspensions," as used in section 18, refers only to indefinite suspensions and not to "disciplinary" suspensions. The reasoning was that the Legislature intended to treat the two types of suspensions differently "with regard to their appealability." The court was unable to understand why, if the intent was not to treat them differently with respect to appealability, the Legislature would have treated the two types of suspensions differently at all. 552 S.W.2d at 887.

The search for legislative intent concerning appealability prior to September 1, 1979, required no great effort. The Legislature expressed its interest in very clear language. A disciplinary suspension could not be appealed, and this was plainly stated in section 20, which did not provide for an appeal of such a suspension to the Commission. Under such circumstances, it would be incongruous to attribute to the Legislature an intent that relief from a disciplinary suspension might be obtained by bypassing the Commission and appealing directly to the courts, while an officer facing a more burdensome suspension could obtain relief only by following the more onerous procedure of seeking relief from the Commission before taking his complaint to the district court.

■ The 1979 amendment removed the distinction between the two types of suspensions with respect to appealability. The suspended officer now has the clear right to appeal to the Commission without reference to the length of the suspension. The procedure is exactly the same in both cases. In short, the only basis for the distinction which was made in *Fox* has been eliminated.

■ It should be noted that in *Blanchard* the holding that article 1269m did not, prior to the 1979 amendment, authorize judicial review of disciplinary suspensions rests on *Fox* and *Attaway v. City of Mesquite*, 563 S.W.2d 343 (Tex.Civ.App.—Dallas 1978, no writ). The opinion in *Attaway* makes no attempt to analyze the statute but merely states that in a prior unpublished opinion in that case it was held, relying on *Fox*, that a fireman who had been suspended for ten days had no statutory right of appeal. 563 S.W.2d at 343.

---

1. In *City of Wichita Falls v. Harris*, 532 S.W.2d 653, 660 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.), the Court said, "It is clear that a *disciplinary* suspension for a greater period than fifteen days then becomes an *indefinite* suspension. Apparently, a 16 day suspension is "indefinite," while a 15 day suspension is not indefinite.

*Fox* therefore, is the only basis for the holding by the Dallas court that the statute gives no right to appeal a disciplinary suspension.

Since *Attaway* makes no effort to explain its holding concerning a statutory right of appeal other than to base it solely on *Fox*, it is apparent that the Supreme Court in *Blanchard* found nothing in the *Attaway* reasoning, other than the reliance on *Fox*, which might be called persuasive in support of the *Blanchard* conclusion that no such statutory right existed. It can fairly be assumed that *Blanchard* should be read as an approval of the rationale of the *Fox* opinion, and that it approved the theory that if there was no right to appeal to the Commission there was no right to judicial review. The *Fox* argument may be stated in simple syllogistic form as follows: If there is no right to appeal to the Commission, there is no right to appeal to the district court. There is no right to appeal a disciplinary suspension to the Commission. Therefore, there is no right to appeal a disciplinary suspension to the courts. If we accept the major premise of the *Fox* argument as true, the conclusion is valid because, at the time that case was decided, the minor premise was true. But, because of the 1979 amendment, the minor premise of the *Fox* syllogism is false. If we replace that false minor premise with the true minor premise that there is a right to appeal a disciplinary suspension to the Commission, then the only valid conclusion which may be drawn is that there is a right to appeal such a suspension to a district court.

The fact that disciplinary suspensions are treated in section 20 while indefinite suspensions are regulated by section 17 is irrelevant. In its original form, article 1269m embodied a significant distinction between disciplinary suspensions and indefinite suspensions by making indefinite suspensions, but not disciplinary suspensions, appealable to the Commission as a matter of right. When the Legislature decided to give the right of appeal to the Commission in cases involving disciplinary suspensions, it might have repealed section 16, which deals with disciplinary suspensions, and amended section 16, which governs indefinite suspensions by deleting the word "indefinitely" from the first sentence of section 16. However, this procedure would have resulted in limiting the power of the department head to impose disciplinary suspensions only in cases where the suspended employee had violated civil service rules. This result could have been avoided by a more extensive rewriting of section 16 making it longer and more complicated. Instead, the Legislature chose to amend section 20 by merely adding the right to appeal to the Commission and making section 17, which prescribes the procedure before the Commission, applicable to all suspensions.

It can be argued that when the Legislature amended section 20 it was, presumably, familiar with the holding in *Fox* (the decision by the Supreme Court in *Blanchard* had not yet been handed down).[2] However, the *Fox* conclusion was predicated on the absence of the right of appeal to the Commission in cases involving disciplinary suspensions, and the amendment effectively eliminated that reason for holding that the general language in section 18 making "suspensions" appealable to the courts was limited to indefinite suspensions.

It must be concluded that all decisions of the Commission which are made of the adjudicatory deliberations governed by section 17 are now appealable under section 18 if the purpose of the appeal is to set aside a "suspension, dismissal or demotion, since the statute no longer makes a distinction between indefinite and disciplinary suspensions with regard to their appealability."

The *Fox* opinion limited the meaning of the word "suspension" in section 18 by holding that it applied only to suspensions which were appealable to the Commission as a matter of right. At the time of that decision, this reasoning made the provision in section 18 for judicial review of suspen-

---

**2.** The amendment was finally approved by both branches of the Legislature on May 28, 1979.

The *Blanchard* decision was handed down on June 13, 1979.

sions applicable only to indefinite suspensions. Since September 1, 1979, such reasoning leads to the conclusion that disciplinary suspensions are appealable to a district court. No other conclusion is defensible.

It is true that section 16 requires that where an officer appeals an indefinite suspension the Commission render a decision in writing, and that there is no requirement of a written decision in a case involving a disciplinary suspension. But it is clear that the Legislature did not consider a requirement that the decision be in writing as essential to a review of the Commission action by a court. The decision of the Commission in a demotion case is subject to judicial review, although neither section 19, which deals with demotions, nor any other section of the statute, requires that the decision concerning demotion be in writing. Section 19 merely provides that no employee may be demoted without a hearing.

■ The City attacks the award of attorney's fees to Solis on the ground that his amended petition should have been stricken because it was never served on the City and that, since the original petition filed by Solis did not seek an award of attorney's fees, there were no pleadings to support such award.

The case was set for trial on January 7, 1982, at which time counsel for Solis was present. Although the City of Laredo had filed an answer, no one appeared on behalf of the City and the trial court orally rendered judgment on behalf of Solis, requiring his reinstatement with back pay and awarding attorney's fees. On the same day, the City filed its motion for new trial, alleging that counsel for the City had not attended the hearing because of "his error in calendaring this cause, following the pretrial hearing held on December 18, 1981." The motion also alleged that the award of $2,000.00 as attorney's fees was improper because the original petition filed by Solis asked for no such relief. One day later, the City filed its motion to strike the amended petition, which sought recovery of attorney's fees, because a copy of such

amendment, seeking additional relief, had not been served on the City.

On January 18, the trial judge signed a judgment ordering Solis reinstated with back pay. This judgment did not contain an award of attorney's fees. On the same day, Solis filed a motion to reform such judgment so that it would conform to the judgment pronounced by the court from the bench on January 7, 1982, by providing for recovery of attorney's fees by Solis.

A hearing was held on April 12, 1982. At the outset, the court announced that the hearing was on the motion filed by Solis to reform the January 18th judgment. During this hearing, the City announced it was not urging its motion for new trial but was defending the January 18th judgment.

At the conclusion of this hearing the trial court announced that the judgment would be reformed to include an award of $1,200.00 as attorney's fees, and a reformed judgment, containing the award of attorney's fees was signed by the trial judge on April 20, 1982.

There is nothing in the record showing that the trial court ever ruled on the City's motion to strike the amended petition filed by Solis.

Solis filed his original petition on November 1, 1979, and the amended petition of which the City complains was filed on July 29, 1981. There is in the transcript an instrument filed August 29, 1981, signed by the trial judge, counsel for Solis and counsel for the City. This instrument recites that Solis contends that he is entitled to reinstatement with back pay and to recover attorney's fees, and that the City contends that Solis is entitled to no relief. There is in this instrument a listing of "Issues of fact which remain to be litigated" and this listing includes "Reasonable value of attorney's fees." The instrument concludes:

This pretrial order has been formulated after conference between all attorneys. Reasonable opportunity has been afforded the attorneys for corrections or additions prior to signing. This order

will hereafter control the course of trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest in [sic] injustice.

Since the court never ruled on the City's motion to strike the amended original petition, and since counsel for the City, in effect, agreed that one of the issues "remaining to be litigated" was that of reasonableness of attorney's fees, the City cannot complain that the trial court erred in overruling its motion to strike.

The award of attorney's fees has been permitted by section 18 at least since 1975. Acts 1975, 64th Leg., p. 484, ch. 207, § 1.

The City does not here contend that the amount awarded as attorney's fees is not reasonable.

The judgment of the trial court is affirmed.

BUTTS, Justice, Dissenting.

I respectfully dissent. The majority opinion emphasizes the central question: whether the Firemen's and Policemen's Civil Service Act grants an officer a right to appeal a temporary disciplinary suspension after the Civil Service Commission conducts a hearing pursuant to § 17 of the Act. Section 20, amended in 1979, effective after the *Blanchard* opinion, *Firemen's & Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard*, 582 S.W.2d 778 (Tex.1979) provides:

### Disciplinary Suspensions

The head of either the Fire or Police Department shall have the power to suspend any officer or employee under his jurisdiction or supervision for disciplinary purposes, for reasonable periods, not to exceed fifteen (15) days; provided, that in every such case, the department head shall file with the Commission within one hundred and twenty (120) hours, a written statement of action, and the Commission shall, upon appeal from the suspended officer or employee, hold a public hearing under Section 17 of this Act. The Commission shall determine whether just cause exists therefor. In the event the department head fails to file said statement with the Commission within one hundred and twenty (120) hours, the suspension shall be void and the employee shall be entitled to his full salary. The Commission shall have the power to reverse the decision of the department head and to instruct him immediately to restore such employee to his position and to repay the employee for any lost wages. If the Commission finds that the period of disciplinary suspension should be reduced, it may order a reduction in the period of suspension. In the event such department head refuses to obey the order of the Commission, then *the provisions with reference to salaries of the employees and to the discharge of the department head as well as the other provisions of Section 16, pertaining to such refusal of the department head, shall apply.*

Section 16 governs indefinite suspensions (dismissals). The differences between the two statutes become readily apparent. Upon indefinite suspension, the Chief or department head must file a written statement with the Commission giving the reasons for such suspension and deliver a copy to the suspended employee. The written statement must inform the employee of his right to appeal to the Commission within 10 days, and that the appeal must be in writing. After the mandatory hearing, the Commission must render its *decision in writing*, not less than 30 days after the notice of appeal was given. The written decision must state whether the suspension shall be a permanent dismissal, a temporary dismissal, or whether the employee is restored to his former position or status in the classified service in the department. If he is restored, he shall receive the amount that would have been his full rate of pay, compensating him for the actual time lost as a result of the suspension. The written statement must provide notice of specific acts showing violation of the civil service rule or rules. The department head cannot

amend his original written statement and charges, nor may any violation be alleged which occurred more than six months before the date of suspension. To uphold a suspension or dismissal the Commission shall find violation of a civil service rule or rules *and* shall find the specific charges are true.

When the Legislature amended § 20 to provide for the protection of an appeal with a public hearing before the Commission, it failed to provide for any of the other parallel rights outlined in § 16. Other than the § 17 public hearing, the Legislature extended to the Commission the power to reduce a disciplinary suspension period. It defined the function of the Commission on appeal pursuant to § 20: *to determine whether just cause exists for the disciplinary suspension.*

Nowhere in the disciplinary suspension section is the Commission required to issue a written decision as in § 16. It can be presumed that the employee is not entitled to a written decision, for § 17 does not so provide.

The obvious conclusion is that the Legislature simply sought to protect the employee from abuses suffered at the hands of a dilatory Commission which would refuse to investigate or to hear his appeal. That employee now has the right to a public hearing with the right to subpoena books, records, documents, papers, accounts, or witnesses. Only evidence submitted at the hearing may be considered, and a permanent public record of the proceedings must be maintained.

Determining "just cause" for a disciplinary suspension not exceeding 15 days and, on the other hand, rendering a written decision which might well be the basis for an appeal to district court are two distinct duties of the Commission arising under two very different statutes. An example of this difference is offered in the present case. Nowhere in this record is there a "written decision" of the Commission of the City of Laredo. Attached to the employee's original petition is the three-day suspension letter of notice from the department head. There is no written decision of the Commission. Will pleading allegations alone be relied upon to perfect appeals to district court in this kind of case? In this case also there was no further evidence presented to substantiate what the action of the Commission was; there are only the pleadings and the discussions of the attorneys. It can be deduced that the Legislature would have provided the exact and procedurally proper method for appeal in disciplinary suspension matters had it so intended.

I believe the Legislature still intends to leave § 20 disciplinary suspension actions, that is, suspensions of less than 15 days for disciplinary purposes only, in the hands of the department heads. If he desires, the employee then may appeal to the Commission and if he does, has the protection of a public hearing. This procedure enables the disciplinary processes to move rapidly without disruption of a vital city department for long periods of time with pending court proceedings. Had the Legislature intended to open up the panoply of appellate procedure to employees disciplined under the provisions of § 20, it would have enacted a plain amendment so stating. I cannot read this meaning into § 20 as it is now written. I would hold that a district court has no jurisdiction to hear a § 20 appeal from the Commission.

Even if reasonableness of attorney fees is not correctly before the court in the appeal by the City, this appellate court may, in looking at the entire record (a 12-page statement of facts with no testimony of the officer, uncomplicated pleadings, a pretrial order the attorneys signed) determine whether the attorney fees might be excessive considering the one-day suspension order, and the recovery of one day's wages. *See McFadden v. Bresler Malls, Inc.,* 548 S.W.2d 789, 790 (Tex.Civ.App.— Austin 1977, no writ). I would suggest, if the jurisdiction of the district court is upheld, this court examine that question. TEX.R.CIV.P. 440.