Alan T. PATTON, Appellant,

v.

CITY OF GRAND PRAIRIE, Texas, and the Civil Service Commission of Grand Prairie, Texas, Appellees.

No. 05–83–00918–CV.

Court of Appeals of Texas, Dallas.

July 27, 1984.

Rehearing Denied Sept. 6, 1984.

Bob Gorsky, Bruce A. Pauley, Lyon & Lyon, Dallas, Joseph R. Gilbreath, Austin, for appellant.

R. Clayton Hutchins, City Atty., Grand Prairie, for appellees.

Before CARVER, VANCE and WHITHAM, JJ.

WHITHAM, Justice.

This appeal arises under the Firemen's and Policemen's Civil Service Law, TEX. REV.CIV.STAT.ANN. art. 1269m (Vernon Supp.1983). Appellant, Alan T. Patton, was indefinitely suspended by the chief of police of appellee, City of Grand Prairie, Texas, and appealed to the appellee, Grand Prairie Civil Service Commission. The Commission reinstated Patton but ordered a disciplinary suspension of ten days without pay which Patton appealed to the district court. The trial court dismissed for

want of jurisdiction. We conclude that Patton's disciplinary suspension is not subject to judicial review. Accordingly, we affirm.

The issue of whether the district court has jurisdiction hinges on an interpretation of article 1269m, as it stood at the time this action arose. If section sixteen of the Act, which concerned indefinite suspensions, controls then section eighteen provided for an appeal of a Commission order to the district court. Section sixteen stated, in pertinent part:

> [T]he *Chief* or *Head of the* ... *Police Department* ... shall have the power to suspend *indefinitely* any officer or employee ... but in every case [he] shall ... file a written statement with the Commission, giving the reasons for such suspension, and immediately furnish a copy thereof to the officer or employee affected by such act.... Said order ... shall inform the employee that he has ten (10) days ... to file a written appeal with the Commission. The Commission shall hold a hearing and render a decision *in writing within thirty* (30) days after it receives said notice of appeal. Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed ... or be restored to his former position or status.... (emphasis added).

If section twenty controls, however, no right to an appeal to the district court existed. Section twenty, which dealt with disciplinary suspensions, that is, those of 15 days or less in duration, stated, principally:

> The head of either the Fire or Police Department shall have the power to suspend any officer or employee under his jurisdiction or supervision for disciplinary purposes, for reasonable periods, not to exceed fifteen (15) days; provided, that in every such case, the department head shall file with the Commission within one hundred and twenty (120) hours, a written statement of action, and the Commission shall, upon appeal from the suspended officer or employee, hold a

public hearing under Section 17 of this Act. The Commission shall determine whether just cause exists therefor.

■ Although the suspension originated as indefinite, we decline to treat it as forever indefinite regardless of action by the Commission. After a public hearing, the Commission entered an order reducing appellant's indefinite suspension to a ten-day suspension without pay. We conclude that it makes no difference that the matter reached the Commission as an indefinite suspension by the police chief. What is important is the ultimate sanction imposed by the last word of the employer. The city's last word in the present case was suspension for ten days without pay. This construction of article 1269m applies an even handed treatment to all police and firemen given disciplinary suspension by final city action regardless of the initial sanction imposed by the chief or head of the department. Consequently, since Patton's ultimate suspension by the city was for less than fifteen days, we hold that the sanction imposed by the city thereby became a disciplinary suspension within the terms and meaning of section twenty of the Act. Thus, we conclude that section twenty of the Act controls.

■ Section twenty pertains only to disciplinary suspension actions. A disciplinary suspension (a suspension for a period not in excess of fifteen days) is not subject to judicial review. *Firemen's and Policemen's Civil Service Commission of the City of Fort Worth v. Blanchard,* 582 S.W.2d 778, 779 (Tex.1979). It is well settled law in this state that if the Act does not provide for an appeal from an order of the Commission, then the administrative action of the Commission is final and the courts have no jurisdiction to hear an appeal unless the administrative action complained of violates a constitutional provision. *City of Wichita Falls v. Harris,* 532 S.W.2d 653, 659–60 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). Patton asserts no constitutional deprivation.

Patton argues that the 1977 amendment to section eighteen of the Act and the 1979 amendment to section twenty of the Act provide for judicial review of disciplinary suspensions. The language of section eighteen, as so amended, relied on by Patton, reads:

In the event any Fireman or Policeman is dissatisfied with any decision of the Commission, he may, within ten (10) days after the rendition of such final decision, file a petition in the District Court, asking that the decision be set aside, and such case shall be tried de novo.

The language of section twenty, as so amended, relied on by Patton reads:

The Commission shall, upon appeal from the suspended officer or employee, hold a public hearing under Section 17 of this Act. The Commission shall determine whether just cause exists therefor.

We find no provision for judicial review of disciplinary suspensions in either amendment. Therefore, since section twenty contains no language permitting an appeal to the district court, we decline to follow the majority's holding to the contrary in *City of Laredo v. Solis,* 665 S.W.2d 523 (Tex. App.—San Antonio 1983, no writ), seeking to avoid the Supreme Court's holding in *Blanchard.* Rather, we adopt Justice Butts' minority view that "[h]ad the Legislature intended to open up the panoply of appellate procedure to employees disciplined under the provisions of § 20 it would have enacted a plain amendment so stating." 665 S.W.2d at 529.

Accordingly, we hold that the administrative action of the Commission is final and that the district court had no jurisdiction to hear Patton's appeal of the Commission's order. It follows, and we so hold, that the trial court did not err in dismissing for want of jurisdiction.

Affirmed.

VANCE, Justice, dissenting.

I respectfully dissent. The majority holds that the trial court properly dismissed the action for want of jurisdiction. I, however, do not read the language of article 1269m of the Fireman's and Police-

men's Civil Service Act, TEX.REV.CIV. STAT.ANN. art. 1269m (Vernon Supp.1983) to permit such a result. The majority reasons that because the Grand Prairie Civil Service Commission reduced the indefinite suspension imposed upon Patton by the chief of the Grand Prairie Police Department to 10 days, thereby rendering it technically a disciplinary suspension, then section 20 of article 1269m, rather than section 16, applies to Patton, thus eliminating his statutory right to appeal to the district court. I disagree.

Section 16, which I believe controls this action, governs appeals from indefinite suspension and states: "The *Chief* or *Head* of the ... *Police Department* ... shall have the power to suspend indefinitely any officer or employee...." Section 16 then provides for an appeal by the suspended employee to the Civil Service Commission, which would then act on the appeal within thirty days. Section 18 of the act provides for an appeal from this decision to the district court, if desired. Section 20, which the majority feels is the controlling provision, contains similar language to section 16: "The *Head of* either *the Fire* or *Police Department* has the power to suspend any officer or employee ... for disciplinary purposes, for reasonable periods not to exceed fifteen (15) days...." An appeal to the Commission from this suspension is also provided for, as it is in section 16. The right to appeal this decision to the district court, as the majority notes, is currently in dispute. I do not reach this point, however, because I believe section 16 is the controlling provision.

I reach my conclusion by a simple reading of the statute's language. The Grand Prairie police chief *indefinitely suspended* Patton from the police force. Only after his appeal to the Civil Service Commission, as provided for in section 16, was the suspension reduced to 10 days, thereby rendering it technically a disciplinary suspension. Section 16 does not state that the *Commission* may indefinitely suspend an officer; rather it clearly sets up the procedures to be followed from an indefinite suspension by the *police chief* or head of the fire department. Patton's original appeal to the Commission was from an indefinite suspension and I have not found, nor been provided by the majority, any authority stating that an action originally appealed under section 16 can somehow become a disciplinary suspension under section 20 due to the Commission's subsequent modification of the length of the suspension. Such a result clearly ignores the plain language of the statute.

The majority's rationale for this construction of the statute is that it will apply a more even-handed treatment to all police and firemen ultimately given disciplinary suspensions by "final city action" through the Commission. This is an admirable goal; however, we are to take statutes as we find them and give full effect to their terms. *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66 (1920). Furthermore, when a law is clear, as I believe this one is, it should be enforced as it reads, *Gilmore v. Waples,* 108 Tex. 167, 188 S.W. 1037 (1916), regardless of its effect. *Weaver v. Robison,* 114 Tex. 272, 268 S.W. 133 (1924). Thus, this statute should be enforced as it reads, which would render the procedures of section 16 applicable to the police chief's indefinite suspension of Patton.

Clearly, in cases in which the Commission is required to hold a hearing upon appeal by the suspended officer, as in the case of an indefinite suspension as outlined in section 16, there is a right to an appeal to the district court under section 18. *Fox v. Carr,* 552 S.W.2d 885 (Tex.Civ.App.— Texarkana 1977, no writ). Accordingly, I would hold that the trial court erred in dismissing the suit for want of jurisdiction and order a reversal and remand.