TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00402-CV






M. Stanley Corbitt and Thomas N. Young, Appellants



v.



City of Temple and the Temple Fire Fighters' and Police Officers'

Civil Service Commission, Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 155,839-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 





 Appellants, M. Stanley Corbitt and Thomas N. Young (the "Officers"), Temple police
officers, appeal a trial court judgment denying relief sought under the Civil Service Act. See Tex. Loc.
Gov't Code Ann. §§ 143.001-. 313 (West 1988 & Supp. 1997) (the "Civil Service Act"). In four points
of error, the Officers contend the trial court erred by: (1) failing to grant their motion for judgment; (2)
concluding the Temple Civil Service Commission (the "Commission") lacked jurisdiction to hear an
administrative appeal regarding their temporary suspensions from off-duty employment representing the
Temple Police Department; (3) concluding the Commission properly declined their appeal; and (4)
concluding they had no statutory right to a Commission hearing. We will affirm the judgment of the trial court.


BACKGROUND


 Under the rules and policies of the Temple Police Department, the Chief of Police (the
"Chief") has the discretion to grant or deny an officer permission to engage in off-duty employment that
requires an officer to wear a police uniform and represent the police department. See Civil Service Act
§143.008(a); Temple Police Department, Policies and Procedures Manual, §§166.00, .01, & 168.01. 
Among other outside jobs, the Officers often work as police escorts for funeral processions. In response
to allegations that the Officers were improperly working off-duty jobs while officially on-duty and,
therefore, being paid by the city for work not performed, the Internal Affairs Division of the Temple Police
Department conducted an investigation. The Division concluded that the Officers had: performed personal
business while on duty; failed to observe department policies and procedures; engaged in conduct
unbecoming an officer or neglected their duties; were absent without leave; and failed to report to daily roll
call. As a result of these infractions, the Chief suspended the Officers from official duty for one day without
pay. See Civil Service Act §143.051, .052(b). The Officers did not appeal these findings or their one day
suspensions to the Commission.

 The Chief separately notified the Officers by letter that they were prohibited from engaging
in off-duty employment representing the department for a period of sixty-eight days. The Chief's notice
stated "in addition to any other discipline you have received . . . your privilege to work off-duty
representing the Temple Police Department is hereby suspended . . . ." The Officers attempted to appeal
this decision to the Commission which, citing a lack of jurisdiction, declined to hear the claim. The Officers
were informed that the Commission can only hear appeals from a promotional passover, disciplinary
suspension, or recommended demotion. The Officers sued the Commission and the City of Temple for
damages, claiming that failure to provide them a hearing violated the Civil Service Act. Following a bench
trial, the trial court held the Commission did not have jurisdiction to hear the attempted appeal and rendered
a take nothing judgment against the Officers. The Officers filed a motion requesting that the trial court
reform or modify its judgment or render judgment in their favor. The trial court did not change or withdraw
its judgment. The Officers appeal.


DISCUSSION


 The threshold question in this case is whether withdrawal of permission to engage in off-duty employment falls within the definition of a "disciplinary suspension" that may be appealed to the
Commission under the Local Government Code. See Civil Service Act §143.053. In their fourth point
of error, the Officers contend Chapter 143 of the Civil Service Act specifically authorizes an administrative
appeal to the Commission from temporary suspension from off-duty employment privileges. We disagree.

 The statute does not provide for administrative appeal of every possible disciplinary action
taken by the Chief, only those that are specifically enumerated. Under the Civil Service Act, the
Commission only has jurisdiction to hear appeals from promotional passovers, disciplinary suspensions,
and demotions. (1) See Civil Service Act §§ 143.034, .053, .054.

 The Officers contend the Chief's use of the terms "discipline" and "suspension" in his letter
to them demonstrates that the Chief's action constituted additional employment discipline that brings their
prohibition from off-duty employment under the protections of the Civil Service Act. If the Chief's action
constitutes a disciplinary suspension, the Commission had no discretion to deny the appeal and was
required to hold a hearing within thirty days. See Civil Service Act §143.053 (b); City of Laredo v. Solis,
665 S.W.2d 523, 524 (Tex. Civ. App.--San Antonio 1983, no writ). The issue of appeal from the
disciplinary prohibition from off-duty employment is a case of first impression for a Texas appellate court;
therefore, we will begin our analysis by examining the plain language of the statute itself. The pertinent
portions of the Civil Service Act are:


§ 143.053. Appeal of Disciplinary Suspension


* * *



(b) If a suspended fire fighter or police officer appeals the suspension to the commission,
the commission shall hold a hearing and render a decision in writing within 30 days
after the date it receives notice of appeal. 


* * *



(e) In its decision, the commission shall state whether the suspended fire fighter or police
officer is:


 (1) permanently dismissed from the fire or police department;


 (2) temporarily suspended from the department; or 


 (3) restored to the person's former position or status in the department's classified
service


(f) . . . If the suspended fire fighter or police officer is restored to the position or class of
service from which the person was suspended, the fire fighter or police officer is
entitled to full compensation for the actual time lost as a result of the suspension at the
rate of pay provided for the position or class of service from which the person was
suspended. 



Civil Service Act §143.053.

 The Commission must affirmatively state its decision regarding the suspended officer in
terms of the officer's relationship to the department; the officer is either permanently or temporarily
suspended from the department or restored to the officer's previous departmental position. See Civil
Service Act §143.053(e). The statute is silent about off-duty activities. In fact, the stated purpose of the
Civil Service Act is to achieve departmental efficiency. Civil Service Act §143.001(a). Moreover, other
areas of the Civil Service Act discuss suspensions strictly in relation to the department. For instance,
indefinite suspensions are defined as being "equivalent to dismissal from the department." Civil Service Act
§143.052(b). Therefore, the mere use of the word "suspension" in the Chief's disciplinary notice does not
necessarily bring within the ambit of section 143.053 temporary revocations of permission to engage in off-duty activities previously allowed.

 Furthermore, the remedies provided in section 143.053 are inapplicable to such
suspensions. When the Commission disagrees with a proposed discipline, the appropriate remedy is to
restore the aggrieved officer's former position or status. See Civil Service Act §143.053(e)(3). Upon
restoration, the officer is entitled to full compensation for days of work missed due to suspension. See Civil
Service Act §143.053(f). The Commission has no authority, however, to compel a private employer to
re-hire or compensate suspended officers with back-pay. Consequently, even if the Officers were entitled
to appeal the Chief's decision, the Commission has no authority to award a remedy. Because remedies
are specifically enumerated only for departmental suspensions, it is evident that section 143.053 was not
intended to encompass other forms of disciplinary suspensions.

 The Officers further argue that allowing the Chief to revoke off-duty employment privileges
without being subject to appeal could lead to an environment of discrimination and political favoritism. We
disagree; other means of redress exist for that type of injury. Further, even if unfair distribution of
employment privileges could give rise to such a claim of discrimination, the Officers here have not asserted
that the Chief's actions were discriminatory.

 The disciplinary actions of the Commission are defined in terms of departmental
employment; the Civil Service Act pertains strictly to departmental issues; and section 143.053 provides
remedies only for departmental suspensions. We, therefore, hold the term "disciplinary suspension" for
purposes of appeal to the Commission does not encompass a suspension from non-departmental
employment privileges. Consequently, the Officers had no statutory right to appeal the Chief's action
withholding approval to work off-duty representing the department. We overrule point of error number
four.


CONCLUSION

 The Officers' remaining points of error rely upon a right to appeal their non-departmental
suspensions to the Commission. We therefore overrule the Officers' remaining points of error and affirm
the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 6, 1997

Publish
1. The pertinent portions of the Civil Service Act which grant the Commission jurisdiction to hear
appeals are:


§ 143.034 Review and Appeal of Promotional Examination


(a) On request, each fire fighter or police officer applicant for a promotional position is entitled
to examine the person's promotional examination and answers, the examination grading,
and the source material for the examination. If dissatisfied, the applicant may appeal, within
five business days, to the commission for review in accordance with this chapter. . . . 


* * *



§ 143.052 Disciplinary Suspensions


(b) The head of the fire or police department may suspend a fire fighter or police officer under
the department head's supervision or jurisdiction for the violation of a civil service rule. 
The suspension may be for a reasonable period not to exceed 15 calendar days or for an
indefinite period.


* * *



(d) . . if the person wants to appeal to the commission, the person must file a written appeal
with the commission . . . 


* * *



§ 143.054 Demotions


(c) The commission may refuse to grant the request for demotion. If the commission believes
that probable cause exists for ordering the demotion, the commission shall give the fire
fighter or police officer written notice to appear before the commission for a public hearing
at a time and place specified in the notice. . . . 


(d) The fire fighter or police officer is entitled to a full and complete hearing, and the
commission may not demote a fire fighter or police officer without that public hearing.


 The Officers further argue that allowing the Chief to revoke off-duty employment privileges
without being subject to appeal could lead to an environment of discrimination and political favoritism. We
disagree; other means of redress exist for that type of injury. Further, even if unfair distribution of
employment privileges could give rise to such a claim of discrimination, the Officers here have not asserted
that the Chief's actions were discriminatory.

 The disciplinary actions of the Commission are defined in terms of departmental
employment; the Civil Service Act pertains strictly to departmental issues; and section 143.053 provides
remedies only for departmental suspensions. We, therefore, hold the term "disciplinary suspension" for
purposes of appeal to the Commission does not encompass a suspension from non-departmental
employment privileges. Consequently, the Officers had no statutory right to appeal the Chief's action
withholding approval to work off-duty representing the department. We overrule point of error number
four.


CONCLUSION

 The Officers' remaining points of error rely upon a right to appeal their non-departmental
suspensions to the Commission. We therefore overrule the Officers' remaining points of error and affirm
the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 6, 1997

Publish
1. The pertinent portions of the Civil Service Act which grant the Commission jurisdiction to hear
appeals are:


§ 143.034 Review and Appeal of Promotional Examination